U.S. COURTS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SEP 08 2025

Rcvd _____ Filed _____ time 3:15 pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

GREGORY SCOTT HOLT

                                    Plaintiff,

v.

POTLATCH NO.1 FINANCIAL
CREDIT UNION (P1FCU)

                                    Defendant,

Case No.: CV 25-0519-N DCN

COMPLAINT

This action is brought in the United States District Court for the District of Idaho, Northern Division.

## **PRELIMINARY STATEMENT**

The Plaintiff, GREGORY SCOTT HOLT, by and through Gregory Scott Holt, Pro Se, brings

this action against defendant(s) POTLATCH NO.1 FINANCIAL CREDIT UNION (P1FCU),

for damages in the amount of Four Hundred Million Dollars ($400,000,000.00), and any other

additional relief at the discretion of the court arising from P1FCU and it's Agent's actions of violating

multiple subsections of Uniform Commercial Code Article 3, Idaho Code, United States Code, and the

Code of Federal Regulations, toward the plaintiff of Embezzling, Abstracting, Purloining Negotiable

instruments; Stealing, or Purloining Personal Property; Breach of Contract on Instruments; Forgery and

Counterfeiting; Theft of Negotiable Instruments; Securities and Commodities Fraud; Illegal Restraint

of Trade or Commerce; Embezzling, Spending, or Transferring Estate Property; Stealing, Purloining,

converting, Without Authority; Concealing Material Fact by trick, Scheme, or device, False, Fictitious,

or Fraudulent Statement; Falsifying or concealing evidence; As well as Committing Deceptive, or

Abusive Acts or Practices.

## JURISDICTION

Statutory basis for Federal Jurisdiction: This Court has subject matter Jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs –e.g., 28 U.S.C. §1332. Venue is proper in the district of Idaho pursuant to 28 U.S.C. §1391(b)(2) Whereas a substantial part of the events or omissions giving rise to the claim occurred in said district.

1.     GREGORY SCOTT HOLT is a Person Residing at 241 East Ridge Road, Saint Maries, Idaho [83861] (hereinafter singularly or collectively referenced as GREGORY SCOTT HOLT), and is the original creditor. Represented by Gregory Scott Holt, Pro Se (hereinafter referred to as "Greg").

2.     Upon information and belief, at all relevant times, Potlatch No.1 Financial Credit union (hereinafter referred to as P1FCU).  P1FCU is a corporation recognized as a financial institution that is regulated by the laws of the State of Idaho and Uniform Commercial Code, who's Principle place of business is located in the State of Idaho, County of Nez Perce, located at 1015 Warner Ave, Lewiston, Idaho 83501. A branch operating as and for P1FCU Where the original account Agreement was signed is located in the State of Idaho, County of Benewah, located at 101 E College Ave, Saint Maries, ID 83861. Violators as Agents of P1FCU:

- Chris Loseth is Agent, Chief Executive Officer and President for and of P1FCU and is as assigned as agent for, by legal contract.

- Craig Emerson is Agent and Chief Financial Officer for and of P1FCU and is as assigned as agent for, by legal contract.

- Amy Allen is Agent, Legal and Regulatory Assistant Manager for and of P1FCU and is as assigned as agent for, by legal contract.
- Aubrey Asbury is Agent, Branch Manager of the Saint Maries branch, for and of P1FCU and is as assigned as agent for, by legal contract.
- Laci Hanson is Agent, Assistant Branch Manager of the Saint Maries branch, for and of P1FCU and is as assigned as agent for, by legal contract.

## LEGAL DEFINITIONS

**"Negotiable Instrument"** means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, As Defined in UCC 3-104(a), and Idaho Code 28-3-104(1)

**"Instrument"** is a " note " if it is a promise and is a " draft " if it is an order. If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either. As Defined in UCC 3-104(e), and Idaho Code 28-3-104(5)

**"Person entitled to enforce"** an instrument means (i) the holder of the instrument, (ii) a non-holder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309

**"Presentment"** means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee. Without dishonoring the instrument, the party to whom presentment is made may (i) return the instrument for lack of a necessary indorsement, or (ii) refuse payment or acceptance for failure of the

presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.

**"Presentment for Payment"** Production of an instrument to the drawee, acceptor, or maker for payment. • This type of presentment must be made on the date when the instrument is due. Defined by black's law dictionary 9th edition.

**"Acceptance"** means an acceptance completed by delivery of notification.-As Defined in SECTION 02: INTERPRETATION OF TERMS, BILLS OF EXCHANGE ACT.

**"Acceptance"** means the drawee's signed agreement to pay a draft as presented. It must be written on the draft and may consist of the drawee's signature alone. Acceptance may be made at any time and becomes effective when notification pursuant to instructions is given or the accepted draft is delivered for the purpose of giving rights on the acceptance to any person.

**"Acceptance"** n. (16c) 1. An offeree's assent, either by express act or by implication from conduct, to the terms of an offer in a manner authorized or requested by the offeror, so that a binding contract is formed.• If an acceptance modifies the terms or adds new ones, it generally operates as a counteroffer.

**"Acceptance by Silence"** Acceptance of an offer not by explicit words but through the lack of an offeree's response in circumstances in which the relationship between the offeror and the offeree justifies both the offeror's expectation of a reply and the offeror's reasonable conclusion that the lack of one signals acceptance. As defined by Black's Law Dictionary 9th Edition.

**Dishonor of a note is governed by the following rules**:

(1) If the note is payable on demand, the note is dishonored if presentment is duly made to the maker and the note is not paid on the day of presentment.

(2) If the note is not payable on demand and is payable at or through a bank or the terms of the note require presentment, the note is dishonored if presentment is duly made and the note is not paid on the

day it becomes payable or the day of presentment, whichever is later. (3) If the note is not payable on demand and paragraph (2) does not apply, the note is dishonored if it is not paid on the day it becomes payable

"**Notice of dishonor**" means: (a) The obligation of an indorser stated in Section 3-415(a) and the obligation of a drawer stated in Section 3-414(d) may not be enforced unless (i) the indorser or drawer is given notice of dishonor of the instrument complying with this section or (ii) notice of dishonor is excused under Section 3-504(b).(b) Notice of dishonor may be given by any person; may be given by any commercially reasonable means, including an oral, written, or electronic communication; and is sufficient if it reasonably identifies the instrument and indicates that the instrument has been dishonored or has not been paid or accepted. Return of an instrument given to a bank for collection is sufficient notice of dishonor. Defined by black's law dictionary 9th edition.

"**Acceptance**" An offeree's assent, either by express act or by implication from conduct, to the terms of an offer in a manner authorized or requested by the offeror, so that a binding contract is formed.• If an acceptance modifies the terms or adds new ones, it generally operates as a counteroffer. Defined by black's law dictionary 9th edition.

"**Affidavit**" A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths.• A great deal of evidence is submitted by affidavit, esp. in pretrial matters such as summary-judgment motions. Defined by black's law dictionary 9th edition.

"**Default**" n. The omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due.

"**Default**" vb.1. To be neglectful; esp., to fail to perform a contractual obligation. 2. To fail to appear or answer. 3. To enter a default judgment against (a litigant). Defined by black's law dictionary 9th edition.

"**Delivery**" n. 1. The formal act of transferring some-thing, such as a deed; the giving or yielding possession or control of something to another. 2. The thing so transferred or conveyed Defined by black's law dictionary 9th edition.

"**Trade and Commerce**" Every business occupation carried on for subsistence or profit and involving the elements of bargain and sale, barter, exchange, or traffic. Defined by black's law dictionary 9th edition.

"**Presentment for Acceptance**" Production of an instrument to the drawee, acceptor, or maker for acceptance.• This type of presentment may be made anytime before maturity, except that with bills payable at Sight, after demand, or after sight, presentment must be made within a reasonable time. Defined by black's law dictionary 9th edition.

 "**monetary instruments**" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery; as defined by 18 U.S. Code § 1956 (5), and 31 CFR § 596.307.

## THE FACTS

1.      On March 19, 2025 GREGORY SCOTT HOLT entered into a Trust Account agreement/contract with P1FCU at the branch located in the City of Saint Maries, in the State of Idaho. By entering into the contract, P1FCU agreed to have a legal fiduciary duty, in honor, to Greg and GSH Revocable Living Trust. Upon opening and operating the Trust Account recognized under member number #283505, GREGORY SCOTT HOLT was misrepresented on the contract as a trustee of the account instead of his rightful and lawful title as Grantor of the GSH Revocable Living Trust, that is and was established under the laws of the State of Idaho and the regulations of the Internal Revenue Service (IRS). His

fellow agent KAREN ELISABETH HOLT, (herein after referred to as KAREN) was also not identified correctly and has no knowledge of the person that P1FCU entered into the agreement as KAREN ELIZABETH HOLD. Due to the fact that P1FCU and it's Agent Laci Hanson, having in their possession at the time of signing, a photo copy of both a Montana State issued ID and a Social Security card issued to KAREN ELISABETH HOLT, it is the Plaintiff's position that P1FCU had the intention to operate under misrepresentation and Identity Theft for the benefit of P1FCU and it's Agents. (See Exhibit A). GREGORY SCOTT HOLT was not provided with physical, visual, or verbal access to the agreement or any terms and conditions of the agreement or any of the P1FCU bylaws by Laci Hanson, Agent for P1FCU, before, during, or after the digital pad indorsement of both Greg and the agent Karen Holt, of the original agreement. P1FCU entered GREGORY SCOTT HOLT the sole proprietorship as the Trustee and as the Grantor. Following the opening of the trust account, P1FCU failed to provide a true and accurate copy of the Trust account agreement and the Corporation bylaws to Greg or his fellow agent, even after they were requested multiple times for multiple months following the account indorsement. Had P1FCU given Greg or his agent a copy of the contract agreement they could have informed Laci Hanson of the misrepresentation. The agreement and bylaws were requested every week until a complaint was filed with Idaho Department of Finance.

As a direct result of the actions of P1FCU, and Laci Hanson as Agent for P1FCU, GREGORY SCOTT HOLT or KAREN had no knowledge of any of the Terms and conditions of the Trust agreement for the GSH Revocable Living Trust account, or the misrepresentations of the Agents contained therein, and said actions committed were in violation of- Idaho Code 48-603(13), 12 USC 5536(2)(A), as well as 15 U.S.C. § 7001, and 18 USC §1001

2.    On or around the date of May 20, 2025 Greg mailed, by certified mail number #9589071052701026958075, a negotiable instrument known as a promissory note recognized by Note

number # GSH- 1989- 0001 in the amount of twenty thousand dollars ($20,000.00) to Craig Emerson

Chief financial Officer of P1FCU, as fiduciary trustee to the GSH Revocable Trust Account along with

a Letter of Intent on how the Note was to be processed. Attached was a "receipt of instrument" that was

to be returned to the drawer, Greg. Craig Emerson acknowledged and accepted the Promissory Note on

May 22, 2025, by delivery, whereas Bill of exchange act 1882(2)- Interpretation of terms-

"Acceptance" means an acceptance completed by delivery or notification. As well as the terms of the

Mailbox Rule.  In the letter of intent Greg specified a seven (7) day grace period for payment of the

Note, or response if the Note was not to be honored. P1FCU and Craig Emerson failed to do either, and

on June 23, 2025 a Notice of Acceptance and Demand for payment, with US Attorney General Pam

Bondi and Idaho State Attorney General Raul Labrador as witness to the accepted contract, was sent to

Craig Emerson in regards to the GSH- 1989- 0001 Promissory note. The notice of Acceptance was

received and accepted June 25, 2025, and was also disregarded and ignored by P1FCU. (See Exhibit B)

As a direct result of the actions of P1FCU and Craig Emerson, as Agent for P1FCU, GSH

Revocable Living Trust was unable to informatively make corrections to the Note or future Notes,

Operate in commerce, perform on Trust Property taxes, or conduct any employment pursuits, due to

P1FCU, and Craig Emerson's restriction of GREGORY SCOTT HOLT as Grantor, and GSH Revocable

Living Trust's Rights to Trade and Commerce. As such, P1FCU in it's Corporate capacity and Craig

Emerson as Agent for P1FCU are both subject to prosecution listed in-(See 'Authorities')


3.      On or about June 2, 2025 GREGORY SCOTT HOLT Sent a Promissory Note to Chris Loseth

Chief Executive Officer and President of P1FCU to fund the GSH Revocable Living Trust and to

perform on debts accumulated in the name of the Trust, which he is obligated to do as Fiduciary

Trustee. Chris Loseth, as agent for P1FCU, received by Certified Mail Recognized by mail number #

9589071052701026958099 from GREGORY SCOTT HOLT a Promissory Note for Two Hundred and

Fifty Thousand Dollars ($250,000.00) under the Note Number: GSH- 1989- 0002.  With the Promissory Note, was included a Letter of Intent on how the note was to be processed and deposited into the GSH Revocable Trust account, and an additional special indorsed Monetary Instrument to cover any cost of processing for the Promissory Note, that P1FCU might feel they are entitled to as a transaction fee. Chris Loseth, as Agent for P1FCU, accepted the Note, Letter of intent, and the indorsed Monetary Instrument on or around June 6, 2025, per Bill of Exchange Act 1882(2)- Interpretation of terms- "Acceptance" means an acceptance completed by delivery or notification, as well as the terms of the Mailbox Rule. However, the indorsed Monetary Instrument was admitted to, and the $250,000 Promissory note, and letter of intent accompanying the Monetary Instrument were fraudulently omitted from record by Amy Allen, Legal and Regulatory Assistant Manager, and agent for P1FCU in the investigation by the Idaho Department of Finance. After the acceptance of the Negotiable Instrument, and indorsed Monetary Instrument, Chris Loseth as Agent for P1FCU and P1FCU failed to respond, thus considered "Acceptance by Silence". The Second Promissory Note, Letter of Intent, and included Monetary Instrument and all correspondence was ignored and disregarded by Chris Loseth and P1FCU- Copy C of endorsed instrument referenced to in Exhibit-J

As a direct result of the actions of P1FCU and Chris Loseth, as Agent for P1FCU, GSH Revocable Living Trust has continued to be unable to informatively make corrections, if needed, to the Note or future Notes, Operate in commerce, perform on Trust Property taxes, or conduct any business pursuits, due to P1FCU and Chris Loseth's restriction of GREGORY SCOTT HOLT as Grantor, and GSH Revocable Living Trust's Rights to Trade and Commerce. As such, P1FCU in it's corporate capacity and Chris Loseth as Agent for P1FCU are both subject to prosecution listed in-(See 'Authorities'-Chris Loseth)

4. On or about the date of June 06, 2025 around 5:23 PM Greg Sent a message to "Member Services" through the P1FCU "Back Office Chat" within the P1FCU Banking app, asking if P1FCU accepted Promissory Notes, due to the fact that Greg had yet to receive any response to any of the previous correspondence with P1FCU and it's Agents. At about 6:11 PM an UN-named agent responded with "Hello, Do you have a copy of this Promissory Note? We can have a manager review this."(see Exhibit C) Greg did not, at the time, have a Promissory Note in his possession, due to the two already previously provided to the Agents, Craig Emerson, and Chris Loseth, and not being returned. Greg was not going to provide a copy of either of the previous Notes to avoid P1FCU or it's agents from double monetizing a Negotiable Instrument without his consent. So, Greg drew a new Note under GSH- 1989-0003 for Two Hundred and Fifty Thousand Dollars ($250,000.00).

5.     On or about the date of June 9, 2025 Greg went into the Saint Maries branch of P1FCU to present the Promissory Note identified as GSH- 1989- 0003 for Two Hundred and Fifty Thousand Dollars ($250,000.00) to a manager for review. Greg and his agent were greeted by Aubrey Asbury, the Saint Maries Branch Manager, and conducted our meeting to review the Promissory Note. Aubrey Asbury asked if she could scan the Promissory Note to send it to the legal team for review. Greg and his agent explicitly requested it be a black and white copy of the Note and the word "COPY" written on it, do to the special indorsements being in blue, and Greg did not want the indorsement duplicated without his consent. Aubrey honored the request, the only exception being, photocopying the reverse side of the Note, that had the special indorsement, without the drawer's consent, which Greg and his agent did not find out about until on or about July 25, 2025. Aubrey Asbury Received a response from the legal team and she notified Greg and his agent that they would not accept the Promissory Note. Greg asked if the legal team could explain why they would not accept the Note so he could make corrections to a Note more acceptable to them. Aubrey stated that she didn't know why they denied it.

Greg asked Aubrey Asbury for the denial of the Promissory Note in writing and she said she wouldn't provide that information. Greg asked for a print out of the email from the legal team so that he could have the denial for the sole proprietorship records, Aubrey refused.

Greg once again asked Aubrey Asbury to request information from the legal team, as to why the promissory Note was denied so that Greg could draw a proper one in the future that would be honored. Aubrey made no attempt to honor this request. Greg's agent brought to Aubrey's attention that P1FCU's "Terms and Conditions" state that P1FCU can accept Promissory Notes and that Greg and his agent were asking if the legal team could provide them with the information to correct or re-draft the Note, because continuing to block the right to Trade and Commerce would grant Greg the right to lien the bank. Aubrey stated P1FCU did not have to honor a Note drawn on the Bank. The Promissory Note that was presented, was to be drawn on the credit of GREGORY SCOTT HOLT, not on P1FCU, because P1FCU cannot loan out it's own credit per- 12 USC 83. Aubrey Asbury still refused to provide any further kind of service or correspond with the legal team. Karen asked Aubrey if she could at least have the name of the legal team representative, so that she could contact them through other means to find out what was needed to honor the Note. Aubrey refused to provide the name of the legal team agent that she was corresponding with via email. So, Greg and his Agent thanked her for her time and left the Saint Maries P1FCU branch.(See Exhibit D)

As a direct result of the actions of P1FCU, P1FCU's un-named legal team Agent, as well as Aubrey Asbury as Agent for P1FCU, GREGORY SCOTT HOLT, and GSH Revocable Living Trust continued to have their rights to operate in Trade and Commerce, and the ability to correct the Note to create an acceptable form of exchange, restricted without a transparent and detailed explanation as to why GREGORY SCOTT HOLT and GSH Revocable Living Trust were being refused the right to their credit, and ability to operate in trade and commerce. The actions of P1FCU, the un-named P1FCU legal

team Agent, and Aubrey Asbury as Agent for P1FCU Subject to Prosecution listed in 'Authorities' -Aubrey Asbury of this complaint.

6.    On Or around June 10, 2025 at 1:59 PM Greg sent a message to an agent of P1FCU through the "back office chat" on the P1FCU mobile banking app, Notifying the agents and principles of P1FCU that GREGORY SCOTT HOLT could not provide a copy of the Promissory Note because Craig Emerson was already in possession of the first Note recognized under note number # GSH- 1989- 0001 since May 22, 2025 and Chris Loseth was in possession of the second Note recognized under Note # GSH- 1989- 0002 since June 6, 2025 and that P1FCU were and was already in dishonor of both Notes. Within the chat, were the Uniform Commercial Codes that govern Negotiable Instruments and Dishonor. (See Exhibit E) Also, addressed in the communication, was my dissatisfaction with the interaction with Aubrey Asbury, P1FCU's breach of fiduciary duty, and their failure to provide Greg with  a copy of the Trust agreement and or the P1FCU Bylaws upon multiple requests. This was lawful notice per the legal Precedent- "Notice to Agent is Notice to Principle, Notice to Principle is notice to agent."

7.    On or around June 10, 2025, due to P1FCU continuing their failure to respond to any related correspondence, Greg filed a formal complaint to National Credit Union Administration (NCUA) who then forwarded the complaint to Idaho Department of Finance (hereinafter referenced as IDF) about the conduct of P1FCU concerning all prior information listed in sections one (1) through five (5) of this complaint, the prior described Notes recognized by numbers #GSH- 1989- 0001 and #GSH- 1989- 0002, the events of restricting trade and commerce, and the breach to fiduciary duty.(See Exhibit F)

8.    On or around July 8, 2025 Greg filed a UCC 1 Financial statement approximately 47 days after P1FCU was in default, for the theft of the first Negotiable Instrument recognized under note number # GSH- 1989- 0001, and other crimes committed against the laws of the State of Idaho, against Uniform Commercial codes, United States Codes,  and privately harming and injuring Greg, GSH Revocable living Trust, and Greg's agent. The UCC 1 Financing statement was amended with corrected errors, on or around July 23, 2025. All notifications were sent to P1FCU following and abiding by the laws of the State of Idaho and U.C.C. laws.(see Exhibit G)

9.    On or around July 8, 2025 Greg sent by certified Mail, a Legal Notice of Acceptance of Lien, with Raul Labrador as Idaho Attorney General and Pam Bondi as U.S. Attorney General as witness to the contract between Greg and P1FCU, included in the Notice of acceptance was a clear and concise Request for all on and off Ledger accounting for the GSH Revocable Living Trust account.  The Acknowledgment of the filed UCC-1 Lien was included, which was accepted July 10, 2025 by P1FCU. (See Exhibit G ) Greg and his agent were notified while at the post office, that P1FCU had sent a full sheet letter sized envelope by Certified Mail to GREGORY SCOTT HOLT and Greg immediately refused the mailing. Greg and the fellow agent were unsure if P1FCU was making an attempt at spoliation of evidence by sending Greg both Notes and Monetary Instrument in the mail as an attempt to hide evidence while an active investigation was currently open with IDF. Greg was not fully notified of the the Cease and desist letter from P1FCU until it was received by Greg from IDF.

10.    On or around July 14, 2025 P1FCU closed the Trust Account and sent notification of, by domestic first class mail, to Greg and his agent each, including a No-trespass order by P1FCU, stating that P1FCU had already suspended the Account and included a check for the remaining balance from

the account. Greg corresponded in return, by certified mail, on or around July 16, 2025, expressing his disagreement to the decision and the State codes that provide for reasonable notice before suspending an account. (See Exhibit H) No correspondence between Greg and P1FCU has commenced since.

As a direct result of the actions of P1FCU and it's agents, GREGORY SCOTT HOLT and GSH Revocable Living Trust continued to have their rights to operate in Trade and Commerce restricted and blocked. Any and all abilities to contract or perform on contracts have been halted for GSH Revocable Living Trust and GREGORY SCOTT HOLT sole proprietorship.

As a direct result of the actions of P1FCU and it's Agents, GREGORY SCOTT HOLT and GSH Revocable Living Trust had and continue to have their rights to operate in Trade and Commerce fully restricted by P1FCU, based solely on GREGORY SCOTT HOLT's attempts to correct, cure, correspond, and or mediate civilly and through Lawful means. The actions of P1FCU and it's Agents are subject to prosecution listed in- (SEE 'Authorities'- P1FCU)


11.     On or around July 16, 2025 Greg received a letter from CREASON BURRIS KUZNETSOV, PLLC Lawyers on behalf of P1FCU. The letter, under threat and coercion that attempted to instill fear in Greg and cause him to withdraw from pursuing a just outcome, was a demand to "immediately deliver an executed termination statement for the UCC 1 financial statement with the Idaho Secretary of State, that if such actions were not taken, legal action was to be pursued" against Greg and would be "seeking maximum penalties, and legal representation fees under Idaho Law." (See Exhibit I )Thus confirming that, the account suspension on July 14, 2025 was an Action taken in retaliation of the Lien that was filed on July 8, 2025 and received on July 10, 2025 against P1FCU for it's actions. It took a total of Four (4) days from P1FCU receiving the lien to closing the Trust account without reasonable notice. It is presumed the attorney, hired by P1FCU, was not well versed in the violations and crimes that P1FCU was already in default for, or the Fact that The U.S. Attorney General Pam Bondi, and The

Idaho State attorney General Raul Labrador were brought in as witness to all correspondence. It is clear fact, that P1FCU is trying to cover up their wrongdoings and does not want to be held liable for breaking the laws of the State of Idaho, the blatant disregard for the Uniform Commercial Code, United States Code, or the Code of Federal Regulations.

12.     On or around July 25, 2025 Greg received a notification from Idaho Department of Finance that they had obtained information from Amy Allen the Legal and Regulatory Assistant Manager and they were proceeding with closing the investigation, referenced by complaint #7619. IDF also sent all correspondence received by Amy Allen, on behalf of P1FCU, and it was found that the investigation was closed in false pretense, fraudulent documents, false representation, and defamation of character towards Greg. (see Exhibit J ) Within this documentation, sent by the IDF, Greg and his agent finally received the original Trust agreement with P1FCU showing the Fictitious name KAREN ELIZABETH HOLD, and the fact that P1FCU had been operating in business with that name since the account's inception, the P1FCU bylaws, and letter of dishonor regarding the Third Note that was already declined by Aubrey Asbury and the unidentified legal team agent, at the P1FCU Saint Maries branch. However, P1FCU through it's Agent Amy Allen admitted on record to IDF, That P1FCU did in fact receive the tender of payment instrument worth Eighty Seven Thousand Five Hundred Dollars $87,500.00, but omitted that within the same envelope with the Tender of Payment, was the Promissory Note recognized by Note # GSH- 1989- 0002 and a letter of intent written to Chris Loseth. Amy Allen, however DID NOT include the Special indorsed Copy A in evidence to Idaho Department of Finance for the investigation.  Amy Allen failed to redact the evidence in the "Account number" section of the indorsed monetary instrument, that referenced back to the Note GSH- 1989- 0002 sent to Chris Loseth. P1FCU also referenced "copy C" of the tender of payment instrument, as evidence to IDF, instead of the specially indorsed Original "copy A". It is presumed that P1FCU exchanged the scannable copy and

the included Promissory Note, at the Federal Reserve Discount Window under the Operating Circular

10 agreement, thus receiving unjust enrichment and claiming "gift" status to balance their books.

As A Direct Result of the Actions of Amy Allen, Legal And Regulatory Assistant Manager for P1FCU,

GREGORY SCOTT HOLT has been Defamed, Defiled, and Dishonored in his Reputation, in an

attempt to bias the outcome of the open investigation held by the Idaho Department of Finance. All

statements and facts brought before the investigation by GREGORY S HOLT were directly based on

Commercial, Corporate, and Common Law.  No investigation should be simply discarded based on any

defamatory, or derogatory, non-factual statement made by a P1FCU Agent. A non-BAR member has

the right to reference any Commercial, Corporate, or Common Law violations, with the same legal

force and standing, as any BAR member in Practice.


13. On or Around the Date of August 12, 2025 GREGORY SCOTT HOLT Sent an appeal of the

investigation, to Idaho Department of Finance Director Patricia Perkins, with witnesses included as

follows- Pam Bondi, U.S. Attorney General; Raul Labrador, Idaho State Attorney General; Brandon D.

Woolf, Idaho State Controller; and Brad Little, Idaho State Governor, expressing dissatisfaction on how

the investigation was handled by Salvador Cruz. For the convenience of the witnesses, all

Correspondence between P1FCU, Idaho Department of Finance, and GREGORY SCOTT HOLT were

included with the Appeal. The appeal contained a rebuttal of the entire response made by Amy Allen

Point-by-point, and addressed her unprofessional conduct as a Legal and Regulatory Representative for

P1FCU, as well as a notice to The Idaho Department of Finance that their failure to reconsider or act

upon the complaint, may make them liable for Damages under 42 U.S. Code § 1986. The appeal that

was clearly addressed and named to Patricia Perkins, was intercepted by Salvador Cruz on or around

August 18, 2025, and summarily dismissed, and responded to as such on August 20, 2025. (See Exhibit

K)

## CAUSE OF ACTION

Violation of the Idaho codes for presentment and Idaho codes for dishonor, as follows- Idaho Code 28-3-304, Idaho Code 28-3-501, Idaho Code 28-3-503(2) and (3). The Promissory Note Created in accordance with UCC 3-104 was accepted, not refused, or dishonored by P1FCU, and not paid, exchanged, or credited to the GSH Revocable Living Trust within a legally allowable time frame. Thus falls under- Idaho Code 28-3-503, UCC 3-305 (correction from final statement to Idaho Department of Finance), and UCC 3-502. Precluding P1FCU from asserting certain defenses, including lack of consideration, duress, fraud, illegality, and discharge of the Note. By not honoring, returning, or refusing the GSH- 1989- 0001 $20,000 Promissory note, P1FCU is in violation of the following: 18 USC §657, 18 USC §661, 18 USC §1348, 15USC §1, 12 USC §504, 18 USC §1956. Craig Emerson is in violation of the following:

18 USC §661, 12 CFR 12.3, 18 USC §657, 18 USC §661, 15 USC §1, 12 USC §503, 18 USC §1005, 18 USC 1956, 18 U.S. Code § 1519

1.      Based on admittance in writing by P1FCU, The Promissory Note recognized by GSH- 1989- 0001 with face value of Twenty Thousand Dollars ($20,000.00) was accepted, not refused or dishonored by P1FCU, and not paid, exchanged, or credited to the GSH Revocable Living Trust within a legally allowable time frame. Thus falls under- Acceptance defined by- Bill of exchange act 1882(2)-Interpretation of terms- "Acceptance" means an acceptance completed by delivery or notification; also Dishonor per- Idaho Code 28-3-503, UCC 3-305, and UCC 3-502.

In violation of the Idaho codes for presentment and Idaho codes for dishonor, as follows:

Idaho Code 28-3-304, Idaho Code 28-3-501, Idaho Code 28-3-503(2) and (3).

2,      Based on admittance in writing by P1FCU, The Promissory Note recognized by GSH- 1989-0002 with face value of Two Hundred and Fifty Thousand dollars ($250,000.00) was accepted, not refused, or dishonored by P1FCU and not paid, exchanged, or credited to the GSH Revocable Living Trust within a legally allowable time frame. Thus falls under "Acceptance" Defined by- Bill of exchange act 1882(2)- Interpretation of terms- "Acceptance" means an acceptance completed by delivery or notification;  also under Dishonor per- Idaho Code 28-3-503, UCC 3-305, and UCC 3-502. P1FCU is in violation of the Idaho codes for presentment and Idaho codes for dishonor, as follows: Idaho Code 28-3-304, Idaho Code 28-3-501, Idaho Code 28-3-503(2) and (3).


3.      Based on admittance in writing by P1FCU, The Negotiable Instrument used as Tender of Payment with the face value of Eighty Seven Thousand Five Hundred Dollars ($87,500.00) was accepted, not refused, or returned to the owner, or accredited toward either Promissory Note as payment. Thus falls under: UCC 3-104; Acceptance defined by- Bill of exchange act 1882(2)-Interpretation of terms- "Acceptance" means an acceptance completed by delivery or notification; also under Dishonor per- Idaho Code 28-3-503, UCC 3-305, and UCC 3-502.
In violation of the Idaho codes for presentment and Idaho codes for dishonor, as follows:
Idaho Code 28-3-304, Idaho Code 28-3-501, Idaho Code 28-3-503(2) and (3).


The Actions of P1FCU and the Agents of P1FCU, have caused undue restriction of GREGORY SCOTT HOLT's, and GSH REVOCABLE TRUST's Rights to Commerce and Trade, resulting in loss of the ability to fund the Trust, Conduct any type of Commerce through the Trust, and the inability to Perform on any existing contracts to the trust, cover any daily expenses of the Trust including but not limited to Fuel usage, Utilities, Taxes, Transportation, Financial or Essential Commodity Transactions, and/or any other additional expenses associated with the Trust and the Grantor of the Trust.

## AUTHORITIES

**P1FCU: Carry Away, Steal or Purloin Negotiable Instruments-** 18 U.S.C. § 661; 18 USC § 657; 18 U.S. Code § 641; Idaho Code 18-2403(4); Idaho Code 28-3-604;  Idaho Code 18-2401;  Idaho Code 18-3605; 18 U.S. Code § 656; UCC § 3-503; Idaho Code 28-3-501; Idaho Code 28-3-503(3); UCC § 4-302(a)(1);

**Embezzlement and/or Racketeering-** 18 U.S.C. § 153;  Idaho Code 18-7803(a)(2);  Idaho Code 18-7804(b)-(e); 18 U.S. Code § 1348; 42 U.S. Code § 1985(2)

**False Entry in any Book, Report, or Statement/intent to defraud or Deceive-** 18 USC 1519; 12 U.S.C. § 5536(a)(2)(A); 18 U.S.C. § 1005; Idaho Code 18-1905;  Idaho Code 18-1906; Idaho Code 18-1907; Idaho Code 18-3602;  18 U.S. Code § 880; Idaho Code18-1701; Idaho Code 18-5410; Idaho Code 18-8201; 42 USC 1985(2); 12 CFR 701.3; 15 USC 7001(d); 18 U.S. Code § 1001; 12 CFR 12.3; Idaho Code 18-2601; Idaho Code 18-2602; Idaho Code 18-2603; Idaho Code 18-5408; Idaho Code 18-5406; Idaho Code 18-5413

**Restraint of Trade and/or Commerce-** 15 U.S.C. § 1; 18 U.S. Code § 3571; UCC 3-501(3); UCC 3-502(a)(1)-(2); UCC 3-502(b)(1)-(2);   Idaho Code 28-3-502(a); Idaho Code 28-3-304;  U.C.C. § 4-202;

**Laundering of Instruments-** 18 U.S.C. § 1956(a)(B); 18 U.S.C. § 1956(a)(3); Idaho Code 18-8201;

**Breach of Contract/Fiduciary Duty-** Idaho Code 48-603(13);  Idaho Code 48-603(17); Idaho Code 48-603C;  12 U.S. Code § 5532(a); Idaho Code 18-4802; 15 U.S. Code § 7001(d)

**Retaliation, Coercion, interference-** 29 CFR § 1630.12

**Chris Loseth:  Carry Away, Steal or Purloin Negotiable Instrument**- 18 U.S.C. § 661; 18 USC § 657;  18 U.S. Code § 641; Idaho Code 18-2403(4); Idaho Code 28-3-604;  U.C.C. § 4-302;  Idaho Code 18-2401;  Idaho Code 18-3605; 18 U.S. Code § 656; UCC § 3-503; Idaho Code 28-3-501; Idaho Code 28-3-503(3); UCC § 4-302(a)(1);

**Embezzlement and/or Racketeering**- 18 U.S.C. § 153;  Idaho Code18-7803(a)(2);  Idaho Code 18-7804(b)-(e);

**False Entry in any Book, Report, or Statement/intent to defraud or Deceive**-18 U.S.C. § 1005;  18 U.S.C. § 1519; Idaho Code 18-1905;  Idaho Code 18-1906; Idaho Code 18-1907; Idaho Code 18-3602; 18 U.S. Code § 880; Idaho Code18-1701; Idaho Code 18-5410; Idaho Code 18-8201; 42 USC 1985(2); 12 CFR 701.3; 15 USC 7001(d);  18 U.S. Code § 1001

**Restraint of Trade and/or Commerce**- 15 U.S.C. § 1; 18 U.S. Code § 3571; UCC 3-501(3); UCC 3-502(a)(1)-(2); UCC 3-502(b)(1)-(2);   Idaho Code 28-3-502(a); Idaho Code 28-3-304;  U.C.C. § 4-202;

**Liable in Personal Capacity for 18 U.S.C. § 1005 violation**-12 U.S.C. § 503; 12 U.S. Code § 504;

**Laundering of Instruments**- 18 U.S.C. § 1956(a)(B); 18 U.S.C. § 1956(a)(3)


**Craig Emerson: Carry Away, Steal or Purloin Negotiable Instrument**- 18 U.S.C. § 661; 18 USC § 657;  18 U.S. Code § 641; Idaho Code 18-2403(4); Idaho Code 28-3-604;  U.C.C. § 4-302;  Idaho Code 18-2401;  Idaho Code 18-3605;

**Embezzlement and/or Racketeering**- 18 U.S.C. § 153;  Idaho Code18-7803(a)(2);  Idaho Code 18-7804(b)-(e)

**False Entry in any Book, Report, or Statement/intent to defraud**- 18 U.S.C. § 1005;  18 U.S.C. § 1519; Idaho Code 18-1905;  Idaho Code 18-1906; Idaho Code 18-3602;  18 U.S. Code § 880;

**Restraint of Trade and/or Commerce**- 15 U.S.C. § 1; 18 U.S. Code § 3571; UCC 3-501(3); UCC 3-502(a)(1)-(2); UCC 3-502(b)(1)-(2);   Idaho Code 28-3-502(a); Idaho Code 28-3-304;  U.C.C. § 4-202;

**Liable in Personal Capacity for 18 U.S.C. § 1005 violation**- 12 U.S.C. § 503; 12 U.S. Code § 504;

**Laundering of Instruments**-  18 U.S.C. § 1956(a)(B); 18 U.S.C. § 1956(a)(3)



**Amy Allen:**

**False, Fictitious, or Fraudulent Statements or representations under**- 18 U.S. Code § 1001;

18 U.S.C. § 1519; Idaho Code 18-1906; Idaho Code 18-5408; Idaho code 18-5406; Idaho Code 18-5413; Idaho Code 18-2603

**False Papers and Intent to Deceive-** Idaho Code 18-1902; Idaho Code 18-1905; Idaho Code 18-1906; Idaho Code 18-2601; Idaho Code 18-2602; Idaho Code 18-5408; Idaho Code 18-5413; Idaho Code 18-2603

**Malicious Intent to Injure or Defame-** Idaho Code 18-4802; Idaho Code 18-5408; Idaho code 18-5406

**Hindering, Obstructing, or Defeating, the due course of justice-** 42 U.S.C. § 1985(2)

**Criminal Conspiracy-** Idaho Code 18-1701

**Retaliation, Coercion, interference-** 29 CFR § 1630.12

**Aubrey Asbury: Failing to Provide access to Records, Disclosures, Etc.-**12 U.S.C. § 5536(a)(2)(A); 15 U.S.C. § 7001(c)(1); 15 U.S.C. § 7001(d); Idaho Code 48-603(13); 18 U.S.C. § 3571;

**Restricting Trade and Commerce** under 15 U.S.C. § 1 for refusing to attain a clear and Concise Explanation from the Legal Team as to corrections needed on instruments to operate under UCC Article 3 through the Trust.

**Laci Hansen: Restricting access to Records, and/or Failing to Deliver** Legible copy of Contract – Idaho Code 48-603(13); Idaho Code 48-603(17); 12 U.S.C. § 5536(a)(2)(A);15 U.S.C. § 7001(d)

## VIOLATIONS

| | |
|---|---|
| Embezzles, Abstracts, Purloins Negotiable instrument - $1,000,000.00 | Twelve (12) Counts<br>Twelve Million Dollars ($12,000,000.00) |
| Steals or Purloins personal Property (18USC §661)Based on Face Value(s) | One (1) Count<br>Three Hundred Fifty Seven Thousand, Five Hundred Dollars;  ($357,500.00) |

| | |
|---|---|
| Breach of Contract on instrument $270,000.00 | One (1) Count Two Hundred Seventy Thousand Dollars ($270,000.00) |
| Based on Idaho Code 18-3605, Leading to Idaho Code 18-2403, and 18-2408 Forgery and Counterfeiting $10,000.00 | One (1) Count Ten Thousand Dollars ($10,000.00) |
| Theft of Negotiable Instruments $270,000.00 | Two Hundred Seventy Thousand Dollars ($270,000.00) |

| | |
|---|---|
| Individual Securities and Commodities Fraud $1,000,000.000 | Three (3) Counts Three Million Dollars ($3,000,000.00) |
| Illegal Restraint of Trade or Commerce Individual $1,000,000.00 Corporation $100,000,000.00 | Four (4) Counts Corporate Four Hundred Million Dollars ($400,000,000.00) |
| Embezzles, Spends or Transfers Estate Property $500,000.00 | Three (3) Counts One Million Five Hundred Thousand Dollars ($1,500,000.00) |
| Stealing, purloining, converting, without authority. $1,000,000.00 | Three (3) Counts Three Million Dollars ($3,000,000.00) |
| Conceal Material Fact by trick, Scheme, or device, False, Fictitious, or Fraudulent Statement $500,000.00 | Eight (8) Counts Four Million Dollars ($4,000,000.00) |
| Evidence Falsified or Concealed $10,000.00 | Three (3) Counts Thirty Thousand Dollars ($30,000.00) |
| Failure to Disclose/ Breach of Fiduciary duty $250,000 | Two (2) Counts Five Hundred Thousand Dollars ($500,000.00) |
| Deceptive, Abusive Act or Practice $250,000 | Three (3) Counts Seven Hundred Fifty Thousand Dollars ($750.000.00) |
| Fraud in Connection with Identification Documents Features and Information $500,000 | One (1) Count Five Hundred Thousand Dollars($500,000.00) |

## **TOTAL FINES ACCOUNTED FOR**

Four Hundred Twenty Six Million, One Hundred Eighty Seven Thousand, five Hundred Dollars

($426,187,500.00).


## **RELIEF SOUGHT**

Wherefore, as evidence by the included exhibits and P1FCU and/or It's Agents failed to rebut any and

all claims herein for One Hundred plus (100+) days and in fact did admit to a substantial amount of

points raised, the movant respectfully and humbly requests that the Court grant the relief sought herein

and such other and further relief as the Honorable Court may deem just, proper, and in good faith.


1.    Plaintiff respectfully requests that the Court retain jurisdiction to enforce this order and impose

        sanctions for noncompliance. Plaintiff also requests that the Court issue a permanent injunction

        barring Amy Allen from performing duties as a legal administrative assistant manager and/or

        directing any relevant licensing or employment authorities to suspend or revoke any

        authorization permitting Amy Allen to hold that position in the future.

2.    Plaintiff requests judgment against Defendant in the amount of Four Hundred Million Dollars

        ($400,000,000.00), together with punitive damages in an amount to be determined by the

        honorable Court, post-judgment interest as allowed by law, costs, and such other and further

        relief as the Court deems just, proper, and in good faith.

3.    For restitution and disgorgement of all business and employment opportunities, and benefits

        obtained by defendant from unlawful conduct, at the Discretion of the Court.

4.    Plaintiff humbly asks the Court to order defendant to pay the Plaintiff's reasonable out-of-

        pocket expenses incurred in connection with this action, and any other statutory fee-shifting or

other relief as may be available under federal law, including any statutory attorney-fee awards

to such Plaintiff may be entitled, together with post-judgment interest.

5.      Plaintiff humbly requests the Honorable Court for such other and further relief as the Court

deems just, proper, and in good faith.


THE PLAINTIFF ENTERS THIS COURT PROCEEDING WITH A CONSTRUCTIVE INTENT,

VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANTS TOWARDS A FAIR,

AND JUST CONCLUSION.



"I, Gregory Scott Holt, declare under penalty of perjury under the laws of the United States of America

that I have read the foregoing Complaint and that the allegations contained therein are true and correct

to the best of my knowledge, information, and belief.



Executed on: _09/08/2025_                                      Respectfully Submitted

                                                              By: _____
                                                                  Gregory Scott Holt
                                                                  Plaintiff, Pro Se
                                                                  gsholt0719@gmail.com
                                                                  208-218-4595

# Exhibit A

**P1FCU**  P.O. Box 897, Lewiston ID 83501
Phone 208 746-8900 or 800 843-7128

# Living Trust Account Agreement

☐ NEW    DATE 03/19/2025
☐ UPDATE:

## LIVING TRUST MEMBERSHIP APPLICATION AND OWNERSHIP INFORMATION

| | |
|---|---|
| Account Title: GSH REVOCABLE LIVING TRUST | MEMBER NO █████305 |
| Street: 241 East Ridge Drive | ID  8386. |
| City/State/Zip: Saint Maries | Trust SSN/TIN: ███████ |
| Primary Phone | |
| Secondary Phone | |

## TRUSTEE INFORMATION

| | |
|---|---|
| Trustee: GREGORY SCOTT HOLT | SSN/TIN |
| Date of Birth: | Driver's Lic No CC216977E |
| Membership Eligibility: Benewah County | |
| Trustee: KAREN ELIZABETH HOLD | SSN/TIN |
| Date of Birth: | Driver's Lic No 0419019944103 |
| Membership Eligibility: Valley County | |
| Trustee: | SSN/TIN: |
| Date of Birth: | Driver's Lic No |
| Membership Eligibility: | |
| Trustee: | SSN/TIN: |
| Date of Birth: | Driver's Lic No |
| Membership Eligibility: | |

## GRANTOR INFORMATION

| Name of Grantor: | Name of Grantor: |
|---|---|
| Date of Birth: | Date of Birth: |
| Driver's Lic No: | Driver's Lic No: |
| ☒ Same as Trustee  ☐ Different from Trustee | ☒ Same as Trustee  ☐ Different from Trustee |
| Membership Eligibility if Grantor is different from Trustee | Membership Eligibility if Grantor is different from Trustee |

## SUCCESSOR TRUSTEE(S)

Name of Successor Trustee:        Name of Successor Trustee:

## ACCOUNT TYPE

On behalf of the trust named in the "LIVING TRUST MEMBERSHIP APPLICATION AND OWNERSHIP INFORMATION" section, the trustee(s) signed hereon request(s) membership for the trust in the Credit Union and request to open the following accounts:

☒ Savings         ☐ Money Market
☒ Checking        ☐ Other:
☐ Certificate     ☐ Other:

## ACCOUNT SERVICES

| YES | NO | |
|---|---|---|
| ☐ | ☒ | Would you like to set up an automatic overdraft transfer from an account to your checking account? A fee may be assessed for each transfer |
| | ☒ | Debit Card |
| | ☒ | E-Statements |
| ☒ | | Online Banking |
| | ☒ | Save your change |
| | ☒ | Other |

## TIN CERTIFICATION AND BACKUP WITHHOLDING INFORMATION

Under penalties of perjury, the trustee(s) signed on this document certify that:
(1) The number shown on this form is my correct taxpayer identification number for the trust (or I am waiting for a number to be issued); and
(2) The payee of dividend or interest earnings is not subject to backup withholding because: (a) the payee is exempt from backup withholding, or (b) payee has not been notified by the Internal Revenue Service (IRS) that the payee is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified the payee that the payee is no longer subject to backup withholding; and
(3) The payee of dividend or interest earnings is a U.S. citizen or other U.S. person. For federal tax purposes, the payee is considered a U.S. person if the payee is: an individual who is a U.S. citizen or U.S. resident alien; a partnership, corporation, company, or association created or organized in the United States or under the laws of the United States; an estate (other than a foreign estate); or a domestic trust (as defined in Regulations section 301.7701-7).
(4) The FATCA code(s) entered on this form (if any) indicating that the payee of dividend or interest earnings is exempt from FATCA reporting is correct.

Certification Instructions. Cross out item 2 above if the payee of dividend or interest earnings has been notified by the IRS that the payee is currently subject to backup withholding because the payee has failed to report all interest and dividends on the payee's tax return. Complete a W-8 BEN if the payee is not a U.S. person. If a W-8 BEN is completed, your signature does not serve to certify this section.

Exempt payee code (if any)              Exemption from FATCA reporting code (if any)

LOANLINER
© CUNA Mutual Group 2002, 13, 03, 05, 08, 11, 14 All Rights Reserved

## TRUSTEE CERTIFICATIONS

By signing below, the trustee (whether one or more) certifies that he/she is a trustee for the living trust named on this document and is authorized to establish accounts at this Credit Union to which funds belonging to the named living trust shall be deposited. Under the terms of the document(s) creating and governing the trust, any one trustee (including a successor trustee that has assumed the role of trustee) is authorized without limitation to make any instruction or execute any transaction on an account owned by the trust as if the trustee owned the account personally and alone. The trustee certifies that the terms of the trust documents are not in conflict with any term contained in this document. In addition, the trustee certifies that he/she is authorized to execute any additional agreement(s) necessary to make a transaction or cause the Credit Union to follow an instruction or order.

## AGREEMENT AND AUTHORIZATION

The accounts listed under the "ACCOUNT TYPE" section are owned solely by the living trust named herein. Any such living trust exists by a written trust document that is separate from this agreement and does not include a fiduciary account arising from a fiduciary relationship such as between an attorney and a client. Upon request of the Credit Union, the trustee (whether one or more) signed below, agrees to provide complete copies of all trust documents including any amendments. All statements and notices regarding accounts will be mailed to the address listed for the trust unless the Credit Union receives written notification of a different address. The Credit Union is authorized to comply with the direction of any one trustee concerning any transaction or instruction on an account. This authorization includes, but is not limited to: complying with orders in writing, by telephone or electronically for the transfer or withdrawal of funds; certifying or paying funds to any party by draft, check, internal or electronic transfer; cashing checks and drafts payable to the trust and endorsed by any one trustee; disbursing a portion of any deposit of such checks and drafts in cash or accepting such checks and drafts for negotiation; and pledging, assigning or granting a security interest in all or part of the funds on deposit to secure any obligation to the Credit Union.

Requests for withdrawal, orders for payment or other transactions on the trust's account(s) evidenced by a trustee's signature may be honored even if the trustee omits the title "trustee" from his or her signature or otherwise fails to indicate a representative capacity, the intent being that the trustee is acting in a representative capacity.

The authorization and certifications made on this document shall continue in effect until the Credit Union receives written notification of a change from a trustee. The Credit Union shall have no duty to inquire about the use or purpose of any transaction unless the Credit Union has actual knowledge that a trustee is acting without authority.

The Credit Union reserves the right to require written consent of all trustees for any transaction on an account, including a transfer or withdrawal of funds, or for a change or termination of an account. If the Credit Union receives notice concerning a dispute over an account or inconsistent instructions from trustees, the Credit Union may suspend or terminate the account or require a court order or written consent from all trustees to act.

The trustee(s), personally and as representative for the trust, agrees to indemnify and hold the Credit Union harmless from any and all claims, suits, actions, damages, judgments, liabilities, losses, costs, charges and expenses, including court costs and attorney's fees that the Credit Union shall or may sustain resulting from a trustee's misconduct or misrepresentation.

Successor trustee(s) shall assume the role and responsibilities of the trustee according to provisions set forth in separate document(s) creating and governing the trust. Successor trustees must provide evidence documenting authority to assume the role and responsibilities of a trustee.

On behalf of the above named trust, the trustee(s) signed below agrees to the terms and conditions contained herein and in the All About Your Accounts Disclosures, as applicable, and to any amendments the Credit Union makes from time to time which are incorporated herein. The trustee acknowledges receipt of a copy of the agreements and disclosures applicable to the accounts and services requested herein. If an access card or EFT service is requested and provided, the trustee agrees to the terms of and acknowledges receipt of the Electronic Fund Transfers Disclosure. This agreement and authorization includes the certifications on this form.

*The Internal Revenue Service does not require consent to any provision of this document other than the certifications required to avoid backup withholding.*

| Trustee Signature | Date | Trustee Signature | Date |
|---|---|---|---|
| X _(signature)_ (Seal) | | X _(signature)_ (Seal) | |
| Trustee Signature | Date | Trustee Signature | Date |
| X (Seal) | | X (Seal) | |

**FOR CREDIT UNION USE ONLY**

Opening Approved by:

Date of Membership:

☐ Credit Report

☐ OFAC

Membership Verification Eligibility: Benewah County

☒ Certification of Trust

11100154-31715-C1-2016*1 (D37106 L)

# Exhibit B

Gregory-Scott: Holt
c/o 241 E. Ridge Rd.
Saint Maries, Idaho 83861
godonboard@gmail.com

May _20_, 2025

Craig Emerson
~~CEO~~ CFO
P1FCU
P.O. Box 879
Lewiston, Idaho 83501

Dear Mr. Emerson,

I am writing to formally express my intent to deposit this Promissory note into my P1FCU GSH Trust account, in accordance with UCC 3-104. The note Is to be funded by the estate trust of which I am the beneficiary. My Trust name is GREGORY SCOTT HOLT, and my trust account number is ▉▉▉▉. Please Process this Note in accordance with the terms listed on the note within Seven (7) days of the date of reciept. After Seven (7) days This note is considered accepted, and is required to be deposited in the below account.

Please process this Promisorry Note for deposit into Account#_____▉▉▉3505_____
- Direct Routing Number:_____▉▉▉3313_____
- Member Number:_____▉▉05_____
The details of the promissory note are as follows:
- Instrument Number: GSH-1989-0001.
- Reference Number from Monetization: GSH-1989-0001
- Certified Mail Number:____9589 0710 5270 1026 9580 75_____
- Amount: $20,000.00 USD

I appreciate your attention to this matter and look forward to your prompt response. Should you require any further information or documentation, please do not hesitate to contact me.

Thank you for your assistance and promp responce.

Sincerely,

_Gregory - Scott: Holt_ beneficiary
Gregory-Scott: Holt, Beneficiary

*** DETACH AND SEND TO DRAWER ***
_____

** RECIEPT OF INSTRAMENT **

Gregory-Scott: Holt, beneficiary
c/o 241 E. Ridge Rd.
Saint Maries, Idaho, 83861

Date:_____
Accepted By:_____  (Agent/Agent for)
Title:_____
Amount Drawn:_____
Account Deposit:____▉▉▉3505_____
Instrument Number:____GSH- 1984- 0001_____     Signature:_____

# Promissory Note:

For Deposit Only

No: _GHS-1989-0001_

Tender in terms of the Federal Reserve Act of 1913 as amended.

This Promissory NOTE was issued at:

241 E. Ridge Rd.
Saint Maries, Idaho 83861

_May 20, 2025_
(Date)

**AMOUNT:** _$20,000.00_
(numerical)

**AMOUNT:** _Twenty thousand and no cents_
(written)

## This Certifies that

I, ___GREGORY SCOTT HOLT___, ID Number: ███████

Hereby promise to pay _Potlatch No. 1 Financil Credit Union_ (HOLDER) the full amount specified, on this Note, for value received.

## Terms & Conditions

The Payment will be made in monthly instalments of $50.00 ( Fifty United States Dollars) per month, on the 16th (sixteenth) day of every consecutive month until the obligation has been fulfilled. The payment can be obtained by the HOLDER at _241 E. Ridge Rd. Saint Maries, Idaho 83861_, I hereby give permission to the HOLDER and / or the HOLDER IN DUE COURSE of this Promissory Note, to use this Note in any way necessary as a negotiable instrument to be financially traded on: whereas such trade shall terminate the obligation herein.

_May 20, 2025_
Date

Signature _Greg-Scott Holt, beneficiary_

** PAYABLE ON DEMAND **

_Original wet ink signature is written in blue._

**I Gregory-Scott: Holt, Hereby avow** that based upon my first-hand knowledge and information relayed to me, this "Promissory NOTE" is accurate and correct to the best my knowledge, information and belief.

Gregory-Scott: Holt, beneficiary to the Social Security Cestui que Trust
GREGORY SCOTT HOLT.

Idaho-State:
Benewah-County:

Subscribed and sworn to before me this _20_ Month: _May_ Day: 2025: Current Era

My comission Expires: _1-11-2027_

Notary Public Written signature

Instrument-No. GSH- 1989- 0001
Pay To: Gregory-Scott: Holt, Beneficiary ███████ curity Cestui que
Trust GREGORY SCOTT HOLT, Trust # ███████
Amount: $20,000.00

*Twenty thousand dollars and no cents.*

     Without recourse

Dated: *May 20, 2025*

Autographed: _____
        Gregory-Scott: Holt, beneficiary

FAQs ›

# USPS Tracking®

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Remove ✕**

**Tracking Number:**

## 9589071052701026958075

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 7:19 am on May 22, 2025 in LEWISTON, ID 83501.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Individual Picked Up at Postal Fa**
LEWISTON, ID 83501
May 22, 2025, 7:19 am

**Arrived at Post Office**
LEWISTON, ID 83501
May 22, 2025, 4:57 am

**Departed USPS Regional Facility**
SPOKANE WA DISTRIBUTION CENTER
May 21, 2025, 4:04 am

**Arrived at USPS Regional Facility**
SPOKANE WA DISTRIBUTION CENTER
May 20, 2025, 10:33 pm

**USPS in possession of item**
SAINT MARIES, ID 83861
May 20, 2025, 2:33 pm

**Hide Tracking History**

Feedback

What Do USPS Tracking Statuses Mean?

Certified Mail #:<u>958907105270102695 8112</u>

## **LEGAL NOTICE OF ACCEPTANCE AND DEMAND FOR PAYMENT**

With Witness thereof and order to show Good and Honorable intent to the following:

Raúl Labrador
Idaho Attorney General
700 W. Jefferson Street, Suite 210,
P.O. Box 83720,
Boise, Idaho 83720-0010

Pam Bondi
U.S. Attorney General
U.S. Department of Justice:
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001

To Craig Emerson CFO of POTLATCH NO.1 FINANCIAL CREDIT UNION, a banking institution
located at 1015 Warner Ave Lewiston, ID 83501,

You are hereby notified that a Promissory Note, under Note Number # GSH- 1989- 0001, dated
05/20/2025, in the amount of $20,000, was presented to you for payment on 05/22/2025 per USPS
Tracking number 958907105270102695 8075. The note is payable to POTLATCH NO.1 FINANCIAL
CREDIT UNION and bears the signature of GREGORY S. HOLT.
As the presentment period of 10 days has expired, and you have failed to dishonor the note, you are
deemed to have accepted the note pursuant to Idaho Code Section 28-3-501 and 3-501 of the Uniform
Commercial Code (UCC), which states that a drawee's failure to dishonor a draft within the
presentment period is deemed an acceptance of the draft. Furthermore, Section 3-502 of the UCC
provides that a drawee's acceptance of a draft is effective when the drawee fails to dishonor the draft
within the presentment period.
You are further notified that your acceptance of this note precludes you from asserting certain defenses,
including lack of consideration, duress, fraud, illegality, and discharge of the note, as provided in Idaho
Code Section 28-3-503 and Section 3-305 of the UCC, which states that a party's acceptance of a
negotiable instrument precludes them from asserting certain defenses.

You are hereby demanded to pay the amount of the note, $20,000, plus any applicable interest and fees,
of $5,000 for breach of fiduciary duty, as provided in Idaho Code Section 28-4-302 and Section 4-302
of the UCC, which states that a payor bank is liable for the amount of a draft if it fails to pay or return
the draft within the presentment period.
Payment is due immediately, and you are required to make payment to GREGORY SCOTT HOLT at
241 E Ridge Rd. Saint Maries Idaho 83861, or deposit the amount into the checking account under
member number: 283505. Your failure to make payment within 5 days of receipt of this notice will be
considered a breach of your obligations under the note, and may result in further action being taken
against you, including but not limited to, the filing of a lien Against Craig Emerson as agent for
Potlatch No.1 Financial Credit Union to collect the amount due.

This notice is being sent to you by certified mail, return receipt requested, and you are deemed to have received this notice on the date of delivery.

You are hereby required to respond to this notice in writing, indicating your intention to pay the note, within 5 days of receipt of this notice.

Signed, Without Recourse

Gregory-Scott: Holt, beneficiary of
GREGORY SCOTT HOLT Social Security Cestui que Trust
UCC 1-308
241 E, Ridge Rd. Saint Maries, Idaho
208-218-4595
gsholt0719@gmail.com

ALERT: HURRICANE ERIN IN THE CARIBBEAN REGION AND ALONG THE EAST COAST OF T...

Case 2:25-cv-00519-DCN    Document 1    Filed 09/08/25    Page 35 of 87

# USPS Tracking®

FAQs >

### Track Packages Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Remove ✕**

Tracking Number:

## 9589071052701026958112

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was picked up at a postal facility at 7:15 am on June 25, 2025 in LEWISTON, ID 83501.

_____

### Get More Out of USPS Tracking:

**USPS Tracking Plus®**

● **Delivered**

**Delivered, Individual Picked Up at Post Facility**

LEWISTON, ID 83501
June 25, 2025, 7:15 am

● **Arrived at Post Office**

LEWISTON, ID 83501
June 25, 2025, 4:44 am

● **Departed USPS Regional Facility**

SPOKANE WA DISTRIBUTION CENTER
June 24, 2025, 4:04 am

● **Arrived at USPS Regional Facility**

SPOKANE WA DISTRIBUTION CENTER
June 23, 2025, 8:35 pm

● **Departed Post Office**

June 23, 2025, 5:07 pm

**USPS in possession of item**
SAINT MARIES, ID 83861
June 23, 2025, 2:45 pm

**Hide Tracking History**

What Do USPS Tracking
Statuses Mean?
**(https://faq.usps.com/s/article/Where-
is-my-package)**

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

**See Less ⌃**

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# Exhibit C

GSH REVOCABLE LIVING

Security Alert Notification: Secure message received

Member Service – Do Not Reply                    6/6/2025

RE:Promissory Notes

Customer Service                                  6/6/2025

Delete message

# RE: RE:PROMISSORY NOTES

This message should never expire

*Request that was not included in P1FCU response*

### GSH REVOCABLE LIVING
6/6/2025 - 5:23 PM

Does P1FCU accept Promissory Notes for deposit?

### Customer Service
6/6/2025 - 6:11 PM

Hello,

Do you have a copy of this Promissory Note? We can have a manager review this.



HOME        TRANSFER        BILL PAY        SEND MONEY WITH ZELLE®        MENU

# Exhibit D

NqW

# Promissory Note:    No: GSH-1989-0003    COPY

Tender in terms of the Federal Reserve Act of 1913 as amended. UCC § 3-104, 31 USC § 5312, UCC § 3-409(a)(b), UCC § 3-502(e)

## This Certifies that

I, GREGORY S. HOLT, as Trustee of the GSH Revocable Living Trust (the "Trust"), located at 241 E. Ridge Rd. Saint Maries, Idaho [83861], hereby promise to pay to Potlatch No. 1 Financial Credit Union, located at 101 E College Ave St Burns Idaho the sum of Two hundred and fifty thousand ————dollars ($ 250,000.00 ), to be deposited into the Trust's bank account _____ 505.

**\*\*Payment Terms & Conditions:\*\***

The principal amount shall be paid in full on or before, June 30, 2030
by any form of legal tender or negotiable instrument. This is note is presentment as defined in UCC § 3-501 and Accepted as defined in UCC § 3-409(a)

The payment can be obtained by the HOLDER physically or by post at  241 E. Ridge Rd. Saint Maries, Idaho 83861 , I hereby give permission to the HOLDER and / or the HOLDER IN DUE COURSE of this Promissory Note, to use this Note in any way necessary as a negotiable instrument to be financially traded on: whereas such trade shall terminate the obligation herein.

June 9 2025
Date

Signature

**\*\*PAYABLE AT SIGHT \*\***

Acceptance by:_____

Original signed in wet blue ink

**I Gregory-Scott: Holt,** Hereby avow that based upon my first-hand knowledge and information relayed to me, this "Promissory NOTE:" is true, accurate and correct to the best of my knowledge, information, and belief.

Gregory-Scott Holt, Secured Party and Creditor
UCC 1-308 (Without Prejudice)
"without recourse"

Idaho-State:
Benewah-County:

Subscribed and sworn to before me this _____ Month:_____ Day: 2025: Current Era

My comission Expires:_____    _____
Notary Public Written signature

(90)

COPY

"Without Recourse"
Instrument-No. GSH- 1989- 0005
Pay To The Order of Gregory S. Holt, For deposit only into Account
# ████████505
Amount: $250,000.00
Dated: June 9, 2025
Autographed: _____    UCC § 5-114, UCC § 5-102, UCC § 5-104

**Gregory-Scott: Holt, beneficiary**

"Acceptance" means the drawee's signed agreement to pay a draft as presented. It must be written on the draft and may consist of the drawee's signature alone. Acceptance may be made at any time and becomes effective when notification pursuant to instructions is given or the accepted draft is delivered for the purpose of giving rights on the acceptance to any person.

"Drawer" as mentioned in UCC § 3-103 means a person who signs or is identified in a draft as a person ordering payment.

"Negotiable instrument" as mentioned in UCC § 3-104 means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder, (2) is payable on demand or at a definite time, and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor. "On Demand" as mentioned in UCC § 3-108 means

A promise or order is "payable on demand" if it (i) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder, or (ii) does not state any time of payment.

UCC § 3-310 (2) In the case of a note, suspension of the obligation continues until dishonor of the note or until it is paid. Payment of the note results in discharge of the obligation to the extent of the payment. In accordance with UCC § 3-413, the obligation of acceptor (a) The acceptor of a draft is obliged to pay the draft (i) according to its terms at the time it was accepted even though the acceptance states that the draft is payable "as originally drawn" or an equivalent term, (ii) if the acceptance varies the terms of the draft according to the terms of the draft as varied, or (iii) if the acceptance is of a draft that is an incomplete instrument according to its terms when completed, to the extent stated in Sections 3-115 and 3-407. The obligation is owed to a person entitled to enforce the draft or to the drawer or an indorser who paid the draft under Section 3-414 or 3-415. Whereto mentioned, by federally recognized universal commercial codes you a holder serve u the legal terms at this agreement and are bound by the obligations thereof. Drawer reserves full authority and rights and can remit and or direct authorization at will. Upon receiving of this note, it is considered Accepted even if no signature is given by holder. If within five (5) business days the holder has not endorsed and payed, or has not returned the instrument back to the original drawer, the drawee has all rights to place a lein against the holder in the amount that was originally drawn along with accrued damages up to, but not limited to $250,000.00 Two Hundred and Fifty Thousand United States Dollars. As stated in UCC § 3-414 If a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained. Also stated in UCC § 3-414(c) If a draft states that it is drawn "without recourse" or otherwise disclaims liability of the drawer to pay the draft, the drawer is not liable under subsection (b) to pay the draft unless the draft is not a check. This Promissory Note or Draft is in accordance will UCC § 3-418 (a) Subject to subsections (b) (c) and (d) and to Section 3-419(d), if an instrument is dishonored, an indorser is obliged to pay the amount due on the instrument (i) according to the terms of the instrument at the time it was indorsed, or (ii) if the indorser indorsed an incomplete instrument, according to its terms when completed, to the extent stated in Sections 3-115 and 3-407. The obligation of the indorser is owed to a person entitled to enforce the instrument or to a subsequent indorser who paid the instrument under this section.

(b) If an indorsement states that it is made "without recourse" or otherwise disclaims liability of the indorser the indorser is not liable under subsection (a) to pay the instrument.

(c) If notice of dishonor of an instrument is required by Section 3-503 and notice of dishonor complying with that section is not given to an indorser, the liability of the indorser under subsection (a) or (d) is discharged.

(d) If a draft is accepted by a bank after an indorsement is made the liability of the indorser under subsection (a) is discharged. In accordance to UCC § 3-119. In an action for breach of an obligation to which third party's person is answerable over pursuant to this Article or Article 4, the defendant may give the third person notice of the litigation in a record, and the person notified may then give similar notice to any other person who is answerable over. If the notice states (i) that the person notified may come in and defend and (ii) that failure to do so will bind the person notified in an action later brought by the person giving the notice as to any determination of fact common to the two litigations, the person notified is so bound unless after seasonable receipt of the notice the person notified does come in and defend.

# Exhibit E

Secure Message: RE: Promissory Notes

? ✕

Reply to Message   Forward Message ✔ Message Resolved   Show Customer   Show User

⦿ Item View   ◯ History View          This message is not resolved

From:   GS4 REVOCABLE LIVING

To:     Customer Service

Re:     RE: Promissory Notes

Message does not Expire   Never expires          Received:   June 10, 2025 1:59 PM

I cannot provide a copy of the Promissory note because your CFO Craig Emerson is already in possession of it, and has been since May 22,2025. Which means according to UCC 3-502 PIFCU is already in dishonor. I have yet to receive my Promissory not back, with a statement of denial, and it has been more than ten days by law. Your own policies state that you can receive and accept promissory notes, and UCC chapter 3, 5, 4 and 4a, as well as Article 9 are the guidelines of negotiable instruments, bank deposits and collections, funds Transfers, letters of credit, and secured transactions. Yesterday a second Promissory Note was dishonored after being presented to Aubrey Asbury.

So being a private banker backed by full faith and credit, that is attempting to do business through the Trust, there seems to be an issue here. As fiduciary to my Trust account PIFCU seems to be not upholding their responsibilities that they agreed to.

Secure Message: RE: RE:Promissory Notes

Reply to Message    Forward Message ✔ Message Resolved    Show Customer    Show User

⊙ Item View  ○ History View                This message is not resolved

From:   GSH REVOCABLE LIVING

To:     Customer Service

Re:     RE:Promissory Notes

☐ Message does not Expire   Expires on: Wednesday, December 10, 2025        Received:   June 10, 2025  2:09 PM

I also requested in writing with the promissory note a letter of intent, with response required as to if it's dishonored. I also asked for a copy of our agreement for the Trust account, and PIFCU bylaws, and neither requests have been fulfilled.

Before citing your polices as to not having the responsibility to explain any of the issues addressed here.

The mailbox rule states that when an instrument is signed for it is considered accepted, meaning PIFCU accepted the term of the letter of intent and Promissory note by signing for the instrument as received, unless rebutted within ten days per fair lending laws.

# Exhibit F



**BRAD LITTLE**
Governor

**PATRICIA R. PERKINS**
Director

June 17, 2025

Gregory Holt                                                    *Complaint # 7619*
241 E Ridge Dr
St Maries, ID 83861

Dear Mr. Holt:

The Department of Finance has received the complaint you submitted against Potlatch No. 1 Financial Credit Union. Your complaint is being forwarded to the credit union for their review, and we are asking that they provide a response within 21 days. At that time, we will review all of the documentation and provide a response within 30 days.

Should you have any questions regarding this, please do not hesitate to contact our office. Thank you for informing us about your concerns.

Sincerely,

Salvador Cruz
Financial Institutions Bureau Chief

SC/kr

FINANCIAL INSTITUTIONS BUREAU
Bureau Chief – Salvador Cruz
11341 W. Chinden Blvd., Ste. A300, Boise, ID 83714
Mail To: P.O. Box 83720, Boise ID 83720-0031
Phone: (208) 332-8031 Fax: (208) 332-8099
http://finance.idaho.gov

PROTECTING THE INTEGRITY OF IDAHO FINANCIAL MARKETS SINCE 1905

# Exhibit G

Certified Mail # 9589 0710 5270 1026 9581 36

LEGAL NOTICE OF ACCEPTANCE OF LIEN
CLAIMANT
gregory-scott: family of Holt
c/o 241 East Ridge Road
Saint Maries, Idaho outside of but near [83861]
STATE OF IDAHO
COUNTY OF
Date:

DEBTOR
P1FCU
CFO
Craig Family of Emerson, and Craig: Family of Emerson d/b/a Trustee of the Social Security Cestui
que Trust GREGORY SCOTT HOLT d/b/a CRAIG EMERSON
PO Box 897,
Lewiston, ID 83501

With witness thereof and order to show good and Honorable intent to the following:
Raúl Labrador
Idaho Attorney General
700 W. Jefferson Street, Suite 210,
P.O. Box 83720,
Boise, Idaho 83720-0010

Pam Bondi
U.S. Attorney General
U.S. Department of Justice:
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001
DATE: 06/19/2025
  NOTICE TO AGENT IS NOTICE TO PRINCIPLE, NOTICE TO PRINCIPLE IS NOTICE TO
AGENT.

Dear Craig Emerson,
    NOTICE IS HEREBY GIVEN That a lien is hereby claimed against POTLATCH NO.1
FINANCIAL CREDIT UNION ATTN.CFO CRAIGE EMERSON as Agent, in the amount of
$1,611,000.00 in regards to the Promissory Note received by your corporation on May 22, 2025, for
your failure to respond, as well as your failure to pay the accepted Negotiable Instrument. You Craig
Emerson have had 47 days, and multiple order to pay notices in that time Due to State and Federal
dishonor toward the Estate, and added Trust of the creditor gregory-scott, and Grantor to GSH Living
Trust, this is your Notice of Claim. It is YOUR responsibility as agent to notify the P1FCU Board of
Directors of this Lien.

You have been in possession of a $20,000 Promissory note, under the Note ID Number: GSH-1989- 0001 drawn on the full faith and credit of the creditor gregory-scott, since May 22, 2025 (proof of acceptance included).

You as Fiduciary Trustee know or should know- that the Negotiable Instrument was Drawn on the full faith and credit of the creditor, not the bank. The bank CAN NOT loan out it's own credit, and said credit does not exist without the indorsement of the beneficiary and Creditor to the Trust. Pursuant to the following:
   • Uniform Commercial Code (UCC) §3-401(a),
   • The Truth in Lending Act (TILA), 15 U.S.C. §1601,
   • Regulation Z, 12 C.F.R. Part 1026.
Furthermore this principle is also supported by the following Rulings:

1. **National Bank of Commerce v. Downing** (1884) 73 N.Y. 242: This case held that a bank cannot lend its credit to another party, as it is not authorized to do so under its charter.
2. **Dixie Pine Co. v. Graham** (1934) 151 So. 559 (La. App.): The court stated that a bank's lending its credit to another party is not a legitimate banking practice.
3. **Farmers State Bank v. First State Bank** (1924) 97 Okl. 158, 223 P. 347: This case held that a bank cannot lend its credit to another bank or party, as it is not authorized to do so under the law.
4. **State v. Citizens Bank** (1914) 126 N.C. 166, 36 S.E. 370: The court ruled that a bank's lending its credit to another party is an ultra vires act, meaning it is beyond the bank's legal powers.

In accordance with the principles of contract law, as enumerated in UCC §3-403, and the disclosure requirements of TILA and Regulation Z, it is further stipulated and agreed that any credit agreement or contract shall not be binding upon the parties unless it complies with the provisions of said laws and regulations, including but not limited to, the requirement of a written signature by the consumer. Notwithstanding any other provision of law or agreement to the contrary, it is hereby declared and stipulated that the absence of a written signature by the consumer shall render any contract for credit or extension of credit null and void, and of no force or effect, as provided in UCC §3-401(a) and TILA, 15 U.S.C. §1631."

As Fiduciary Trustee, you Know or should know, the indorsement of the consumer is what enables the Bank to derive the extension of credit. And it is considered unjust enrichment for a bank agent to accept an indorsed promissory note on accord of the mailbox rule, and for the bank to fail to honor the deposit of the Promissory Note upon acceptance of the Note. There was also an included Letter of intent accompanying the Promissory Note on how it was to be processed. This letter of intent was an offer to contract, and You Craig, had 72 hours to rescind the contract per- UCC 2-608, UCC 2-711, UCC 2-712, TILA and RESPA, included also are Idaho Code 28-2-801, Idaho Code 28-9-609, Idaho Code 28-9-623, Idaho Code 45-801, Idaho Code 48-603, and Idaho Code 48-604.

As Fiduciary Trustee you know or should know that I am obligated by your bank's lack of honor over the course of the last forty (40) days to point out, that all of these rights pertain to the consumer and not to the bank as the falsely identified "Creditor", However, in good faith I as the true creditor, and beneficiary, extended the same grace to you for ten (10) business days per Idaho Code 28-3-501, and UCC 3-501 following the signature of acceptance at the post office for an opportunity to rescind the offer to contract. Even with that opportunity, you still did not rescind, or honor the Promissory Note or letter of intent, and after twenty eight (28) days I sent a Notice of acceptance and demand for payment on June 25,2025 with five (5) days grace period to pay the promissory note or face a lien for noncompliance. Also outlined in the note was UCC 3-502 which provides that a drawee's acceptance of a draft is effective when the drawee fails to dishonor the draft within the presentment

period. Also, notice of the following: that your acceptance of this note precludes you from asserting certain defenses, including lack of consideration, duress, fraud, illegality, and discharge of the note, as provided in **Idaho Code Section 28-3-503 and Section 3-305** of the UCC, which states that a party's acceptance of a negotiable instrument precludes them from asserting certain defenses.

Furthermore, A 5,000 fee was added to the face value of the promissory note for Breach of fiduciary duty.

Your corporation received said notice on June 25, 2025, and you as fiduciary Trustee have still refused to acknowledge the Promissory Note, and pay it per the demand received. In commerce there stands ten maxims, and in accordance with The Maxims of Law:

1. WORKMAN IS WORTHY OF HIS HIRE
2. ALL ARE EQUAL UNDER THE LAW
3. IN COMMERCE TRUTH IS SOVEREIGN
4. TRUTH IS EXPRESSED IN THE FORM OF AN AFFIDAVIT
5. AN UNREBUTTED AFFIDAVIT STANDS AS TRUTH IN COMMERCE
6. AN UNREBUTTED AFFIDAVIT BECOMES THE JUDGMENT IN COMMERCE
7. IN COMMERCE FOR ANY MATTER TO BE RESOLVED MUST BE EXPRESSED
8. HE WHO LEAVES THE BATTLEFIELD FIRST LOSES BY DEFAULT
9. SACRIFICE IS THE MEASURE OF CREDIBILITY (NO WILLINGNESS TO SACRIFICE NO LIABILITY, RESPONSIBILITY, AUTHORITY OR MEASURE OF CONVICTION.
10. A LIEN OR CLAIM CAN BE SATISFIED ONLY THROUGH REBUTTABLE BY AFFIDAVIT POINT BY POINT, RESOLUTION BY JURY, OR PAYMENT.

Lastly due to your corporations repeated refusal to provide me with the contract that I signed in order to open the GSH Trust account, and a copy of your bylaws and policies, that I have requested weekly since opening the account, I can only assume that the Certified mail envelope that you sent, and I rejected on June 25,2025 was an attempt to return the Promissory Note to hide the evidence of your breach of fiduciary duty. In my better judgment I rejected the envelope, because I will not be a party to or acquiesce to, Spoliation of evidence,Obstruction of justice, or Trust Fraud.

You as Fiduciary Trustee know, or should know that based on the Maxims of law, you did not rebut or refuse the accepted Negotiable Instrument in a timely manner, you did not rebut or rescind the offer to contract, nor did you respond to any of the accepted correspondence between the Negotiable Instrument and the end of the 5 day demand for payment. Due to your actions or lack thereof you have acquiesced to the contract, the notices of dishonor, and the demand for payment. In accordance with the laws of commerce, credit, contract, lending, TILA, UCC, and State Commercial codes you have agreed through Estoppel by silence, or Tacit Acceptance, to pay the full Lien amount listed as follows:

| | | |
|---|---|---|
| | Dishonor x 3 | $60,000.00 |
| | Lack of Consideration | $1,000.00 |
| | Fraud x 3 | $60,000.00 |
| | Illegality | $1,000.00 |
| | Misuse of Funds x 3 | $60,000.00 |
| | Failure to Disclose | $20,000.00 |
| | Negligence or Recklessness | $20,000.00 |
| | Breach of Trust | $20,000.00 |
| | Failure to Follow Instructions | $20,000.00 |

| | Concealment x 3 | $60,000.00 |
|---|---|---|
| | Failure to Exercise Reasonable Care | $20,000.00 |
| | Failure to Account | $20,000.00 |

**Compensatory Damages-**
- Original Note value: $20,000
- Breach of fiduciary Duty: $387,000.00
- Loss of Business: $30,000.00
- Spoliation of evidence: $100,000
- Total of Compensatory Damages: $537,000.00

**Punitive Damages per Idaho Code 6-1604 as result of intentional or reckless behavior:**
- Compensatory Damages X 3: $1,611,000.00

**Lien Total Amount of: $1,611,000.00**

Per:

**Idaho Code-**
- Idaho Code § 28-3-304
- Idaho Code § 28-3-305
- Idaho Code § 28-3-604
- Idaho Code § 28-3-605
- Idaho Code § 6-1301
- Idaho Code § 6-1604

**Federal Law**
- Uniform Commercial Code (UCC) §3-305
- UCC §3-308
- 18 U.S.C. § 1519
- 18 U.S.C. § 1520
- Federal Rule of Civil Procedure 37

**Spoliation of Evidence Idaho case law:**
- Gemini Investors, Inc. v. Providence Financial Group, Inc.**, 2006 WL 374220 (D. Idaho 2006), the court held that spoliation of evidence can be a basis for sanctions, including damages and attorney's fees.
- Federal case law: Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.**, 982 F.2d 363 (9th Cir. 1992), the court held that spoliation of evidence can be a basis for sanctions, including damages and attorney's fees.

The foregoing is a self executing fee schedule for the violations you have committed, Craig Emerson, doing business as CRAIG EMERSON CFO of POTLATCH NO.1 FINANCIAL CREDIT UNION, and Trustee to the GREGORY SCOTT HOLT Social Security Cestui Que Trust

Craig Emerson, You are hereby noticed that Any and all Agents of P1FCU that are associated with any type of financial transaction through P1FCU accounts are under your supervision as the Chief Financial Officer, therefore any and all contractual, UCC, State, or other actions performed by them or you in violation of said codes and regulations were done with your approval, you are liable for them, and they are your responsibility as fiduciary Trustee. Gregory-Scott is the True Creditor, and primary beneficiary of the GREGORY SCOTT HOLT Social Security Cestui Que Trust, and the GSH Trust account held in ledger by P1FCU is you, and your agent's agreement to be fiduciary Trustees. All

transactions by the beneficiary are to be honored by the Trustees, as their fiduciary duty. Gregory-Scott is not a party to any public or hidden contract to the contrary.

I will Accept payment directly by check pay to the Order of GREGORY S. HOLT at the above address outside of the GSH Trust account, or Direct deposit into the account under number: 47329705, routing number: 124303201. Failure to do so will result in an order to the State to collect by any means necessary at my earliest convenience, there will be no set grace period due to the intentional disregard of financial law per Idaho and Federal code for 47 days total.

I, Gregory-Scott: Holt, hereby verify that the statements made in this Notice are true and accurate to the best of my knowledge and belief, and believe the same to be just.

Signed Without Recourse

Secured Party, creditor,
primary beneficiary of the
GREGORY SCOTT HOLT Social
Security Cestui que Trust
UCC 1-308


STATE OF IDAHO
COUNTY OF COUNTY

I, _Devon D Hammes Skanes_ a Notary Public in and for the State of Idaho, do hereby certify that Gregory-Scott: Holt personally appeared before me, and being duly sworn, deposed and said as above set forth.

The undersigned Notary Public is not an agent or representative of any government or institution, and this notarization is not an admission to any specific jurisdiction. The purpose of this notarization is solely to witness the life and living endorsement of Gregory-Scott: Holt.

Signature: _____
Date: _____1-11-2027_____



**20251272796**



**STATE OF IDAHO**
*Office of the secretary of state, Phil McGrane*
**UCC1 FINANCING STATEMENT**
Idaho Secretary of State
PO Box 83720
Boise, ID 83720-0080
(208) 334-2301
Filing Fee - $3 submitted online, $6 print & mail or $12 if 3 or more
pages. Make checks payable to Secretary of State.

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: 20251272796 |
| Date Filed: 7/8/2025 1:58:21 PM |

| Contact at Filer: | |
| --- | --- |
| Contact Name | Gregory Scott Holt |
| Contact Phone | (208) 218-4595 |
| Contact Email | gsholt0719@gmail.com |

| Send acknowledgment to: | |
| --- | --- |
| Name | Gregory Scott Holt |
| Address | 241 E RIDGE RD<br>ST MARIES, ID 83861-2009 |

**Debtors:**

| DEBTOR'S NAME | MAILING ADDRESS |
| --- | --- |
| POTLATCH NO.1 FIANANCIAL CREDIT UNION | Craig Emerson<br>PO Box 897, and 1015 Warner Ave<br>Lewiston, ID 83501 |

**Secured Parties:**

| SECURED PARTY'S NAME | MAILING ADDRESS |
| --- | --- |
| Gregory Scott Holt | 241 E Ridge Rd.<br>St Maries, ID 83861 |

**Collateral:**

B1029-3507 07/08/2025 3:05 PM Received by Office of the Idaho Secretary of State



B1029-3508 07/08/2025 3:05 PM Received by Office of the Idaho Secretary of State

| The financing statement covers the following collateral: | "All property, properties, assets, and interests of Potlatch No. 1 Financial Credit Union, wherever located, including but not limited to: |
|---|---|
| | \* All general intangibles<br>\* Accounts and accounts receivable<br>\* Chattel paper and commercial tort claims<br>\* Deposit accounts and documents<br>\* Electronic chattel paper and financial assets<br>\* Investment property and Letter-of-Credit rights<br>\* Money and other general intangibles<br>\* Real property<br>\* Personal property<br>\* Stocks, bonds, and other securities<br>\* Accounts, contract rights, and other financial assets<br>\* Equipment, inventory, and other business assets |
| | shall be subject to this lien to secure the payment of the debt in the amount of $1,611,000.00, arising from the default of dishonor and acceptance of the $20,000.00 promissory note, Note identified un number GSH- 1984-0001, acceptance receipt identified under number 9589 0710 5270 1026 9580 75 Presented for and accepted on May 22, 2025, together with all accrued interest, charges, costs, damages, punitive damages, and remedies related thereto. |
| | This lien shall attach to all after-acquired property of Potlatch No. 1 Financial Credit Union, and shall be a continuing lien until the debt is paid in full. |
| | Idaho Code § 55-917 and Idaho Code § 55-918 provide that a lien may be created and enforced against the property of a debtor to secure the payment of a debt. "This lien is created and enforced pursuant to the laws of the State of Idaho." |
| The collateral is: | Not Applicable |

| **Designations:** | |
|---|---|
| Select a designation which describes this financing statement: | Not Applicable |
| Select an additional designation which describes this financing statement: | Not Applicable |

| **Alternative Designations:** | |
|---|---|
| Select the alternative designation which describes this financing statement: | Not Applicable |

| **Optional Filer Reference Data:** |
|---|
| Certified mail number of "notice of right to lien"  9589 0710 5270 1026 9581 36 |



20251433208



**STATE OF IDAHO**
*Office of the secretary of state, Phil McGrane*
**UCC3 FINANCING STATEMENT AMENDMENT**
Idaho Secretary of State
PO Box 83720
Boise, ID 83720-0080
(208) 334-2301
Filing Fee - $3 submitted online, $6 print & mail or $12 if 3 or more
pages. Make checks payable to Secretary of State.

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: 20251433208 |
| Date Filed: 7/23/2025 3:07:00 PM |

| Contact at Filer: | |
| --- | --- |
| Contact Name | Gregory Scott Holt |
| Contact Phone | (208) 218-4595 |
| Contact Email | |

| Send acknowledgment to: | |
| --- | --- |
| Name | Gregory Scott Holt |
| Address | 241 E Ridge Rd. |
| | Saint Maries, ID 83861 |

| Amendment Actions: | |
| --- | --- |
| Initial Financing Statement File Number | 20251272796 |
| Date Filed | 07/08/2025 |
| ☐ Termination | |
| ☐ Assignment | |
| ☐ Deletion (State Lien Only) | |
| ☒ Debtor Amendment | |
| Debtor Action | Edit Debtor(s) |
| ☐ Secured Party Amendment | |
| ☒ Collateral Amendment | |
| Collateral Change | Edit Collateral |

Debtor Edit:

| DEBTOR'S NAME | MAILING ADDRESS |
| --- | --- |
| ■ *Changed From:* | *Changed From:* |
| ~~POTLATCH NO.1 FIANANCIAL CREDIT UNION~~ | ~~CRAIG EMERSON~~ |
| *Changed To:* | ~~PO BOX 897, AND 1015 WARNER AVE~~ |
| POTLATCH NO.1 FINANCIAL CREDIT UNION | ~~LEWISTON, ID 83501~~ |
| | *Changed To:* |
| | CRAIG EMERSON |
| | PO BOX 897, AND 1015 WARNER AVE |
| | LEWISTON, ID 83501 |

Collateral:

B1033-8730 07/23/2025 3:07 PM Received by Office of the Idaho Secretary of State

B1033-8731 07/23/2025 3:07 PM Received by Office of the Idaho Secretary of State

Indicate collateral:

All property, properties, assets, and interests of POTLATCH NO.1 FINANCIAL CREDIT UNION (also known as "P1FCU"), Chris Loseth President and CEO as fiduciary trustee and agent for P1FCU, and Craig Emerson CFO as fiduciary trustee and agent for P1FCU, wherever located, including but not limited to:

All general intangibles, Accounts and accounts receivable, Chattel paper and commercial tort claims, Deposit accounts and Documents, Electronic chattel paper and financial assets, investment property and Letter-of-Credit rights, Money and other general intangibles, Real property, Personal property, Stocks, Bonds, Surety bonds, and Other Securities, Accounts Contract Rights and other financial assets, Equipment, inventory, and other business assets, and all other assets now owned or here after acquired that are identified from time to time by debtor to secured party, in writing.

Shall be subject to this lien to secure the payment of the debt in the amount of $1,611,000.00 (U.S. Dollars) arising from the dishonor and default following acceptance of the $20,000.00 Promissory Note under number GSH- 1989-0001 acceptance receipt identified under 9589 0710 5270 1026 9580 75 on May 22, 2025, together with all accrued interest, charges, costs, damages, punitive damages, and remedies related thereto. This lien shall attach to all after-acquired property of P1FCU and shall be a continuing lien until the debt is paid in full.

Idaho Code 55-917 and Idaho Code 55-918 provide that a lien may be created and enforced against the property of a debtor to secure the payment of a debt. This lien is created and enforced pursuant to the Laws of the State of Idaho, and shall be collected through Common Law Right to Enforced Writ of Execution.

**UCC3 Addendum**

☐ Check here if fields 15 - 18 of the UCC3 addendum are required for this lien.

**Name of SECURED PARTY of record authorizing this amendment:**

☐ If this is an amendment authorized by a DEBTOR, check here and select the name of the authorizing debtor.

Authorizing Secured Party Name                    GREGORY SCOTT HOLT

**Optional Filer Reference Data:**

Certified mail number of "notice of right to lien"  9589 0710 5270 1026 9581 36

# Exhibit H



July 14, 2025

GSH Revocable Living Trust
Gregory Holt, Trustee
241 E Ridge Rd.
Saint Maries, ID 83864-2009

RE:    MEMBER EXPULSION-SUSPENSION OF SERVICES-NO TRESPASS

Dear Gregory Holt,

This letter serves as notice to you that effective today, July 14, 2025, Potlatch No. 1
Financial Credit Union is suspending all services to you and expelling you as a member per
Article XIV, Section 2 of our credit union bylaws. This decision is based on your continued
attempts to cause risk or harm to the Credit Union. Your actions violated Article XIV, Section 1
of our credit union bylaws.

Further, *you are no longer permitted on any P1FCU properties* effective immediately.
In the event that you do enter on any P1FCU properties, or attempt to contact P1FCU by phone
or otherwise, law enforcement shall be contacted. Enclosed is a check in the amount of $36.13,
which represents the balance of your account (XX3505) at the time of closing. This eliminates
any need for your presence on any P1FCU properties.

If you would like to be heard and seek reinstatement, you must submit a written request
to the President & CEO of P1FCU within thirty (30) days of your expulsion. Your request should
be mailed to: P.O. Box 897, Lewiston, Idaho 83501. After your request has been submitted, the
President & CEO of P1FCU shall notify you within thirty (30) days of the Credit Union's
decision to reinstate or not.

Sincerely,

Chris Loseth

Chris Loseth
President & CEO
Potlatch No. 1 Financial Credit Union

(208) 746-8900
(800) 843-7128
p1fcu.org
**P.O. Box 897 • Lewiston, ID 83501**



**P1FCU**
YOUR COMMUNITY.
YOUR CREDIT UNION

July 14, 2025

GSH Revocable Living Trust
Karen Holt, Trustee
241 E Ridge Rd.
Saint Maries. ID 83864-2009

RE:    **MEMBER EXPULSION-SUSPENSION OF SERVICES-NO TRESPASS**

Dear Karen Holt,

This letter serves as notice to you that effective today, July 14, 2025, Potlatch No. 1 Financial Credit Union is suspending all services to you and expelling you as a member per Article XIV, Section 2 of our credit union bylaws. This decision is based on your continued attempts to cause risk or harm to the Credit Union. Your actions violated Article XIV, Section 1 of our credit union bylaws, which we previously mailed to you via certified mail.

Further, *you are no longer permitted on any P1FCU properties* effective immediately. In the event that you do enter on any P1FCU properties, or attempt to contact P1FCU by phone or otherwise, law enforcement shall be contacted. As of the date of this letter, your account ending in 3505 has been closed. The remaining balance at the time of closure has been issued by check, payable to the GSH Revocable Living Trust, and enclosed with the expulsion letter addressed to Mr. Gregory Holt. This eliminates any need for your presence on any P1FCU properties.

If you would like to be heard and seek reinstatement, you must submit a written request to the President & CEO of P1FCU within thirty (30) days of your expulsion. Your request should be mailed to: P.O. Box 897, Lewiston, Idaho 83501. After your request has been submitted, the President & CEO of P1FCU shall notify you within thirty (30) days of the Credit Union's decision to reinstate or not.

Sincerely,

Chris Loseth

Chris Loseth
President & CEO
Potlatch No. 1 Financial Credit Union

(208) 746-8900
(800) 843-7128
p1fcu.org
P.O. Box 897 • Lewiston, ID 83501

<u>MISREPRESENTATION AND IMPROPER SUSPENSION NOTICE</u>

Creditor
gregory-scott: family of Holt
c/o 241 East Ridge Road
Saint Maries, Idaho outside of but near [83861]

Date:

ATTENTION:

<u>Debtor/Borrower</u>
P1FCU
CFO
Craig Family of Emerson, and Craig: Family of Emerson d/b/a Trustee of the Social Security <u>Cestui que Trust</u> GREGORY SCOTT HOLT d/b/a CRAIG EMERSON
CEO
Chris Family of Loseth, and Chris: Family of Loseth d/b/a Trustee of the Social Security Cestui que Trust GREGORY SCOTT HOLT
PO Box 897,
Lewiston, ID 83501
Certified mail #_____

<u>With witness thereof and order to show good and Honorable intent to the following:</u>

Raúl Labrador
Idaho Attorney General
700 W. Jefferson Street, Suite 210,
P.O. Box 83720,
Boise, Idaho 83720-0010

Pam Bondi
U.S. Attorney General
U.S. Department of Justice:
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001

      To all whom these presents shall come, specifically P1FCU and it's Agents, Craig Emerson, and Chris Loseth as well as CREASON BURRIS KUZNETSOV, PLLC and it's agents:  NOTICE OF ACCEPTANCE AND CLAIM OF LIEN, a copy of Retaliatory Suspension from P1FCU, and the Financing statement response from CREASON BURRIS KUZNETSOV, PLLC included for your convenience.         You are hereby noticed:
As you know or should know, The following information:
Maxims of Law-
- 3. In commerce Truth is Sovereign
- 5. An Unrebutted Affidavit Stands as Truth in Commerce
- 6. An Unrebutted Affidavit becomes the Judgment in Commerce
- 8. He who leaves the battlefield first loses by default
- 10. A lien or Claim can be satisfied only by rebuttal by affidavit, point by point, resolution by jury, or payment.

Per the maxims of law, and the Unrebutted Affidavit, 'Notice of acceptance and demand for payment' accepted on June 25,2025, and on record in the 'Legal Notice of acceptance of Lien'. Craig Emerson of

P1FCU was already standing in default as of June 22,2025. Also the lien is not nullified just because the account is closed. There still stands a lawful record, and a valid claim of lien, and I will accept Craig Emerson taking full responsibility for his Breach of fiduciary duty and nothing less. I will accept full payment of the lien from the banker's bond and the FDIC insurance fund combined, or from the surrender and sale of Craig Emerson's Assets Directly in the amount of $1,611,000.00 to satisfy the Lien in full. How you handle the dishonor of your agent internally is none of my concern. However, your accountability to the valid lawful lien based on the Dishonor of the agent representing POTLATCH NO.1 FINANCIAL CREDIT UNION is my concern, and will not be terminated until paid in full.

      This is a Common Law Contractual agreement, and will not be transferred in jurisdiction. I Stand on my rights on the Law of the land, waive none, and accept no benefit of any other jurisdiction.

      Furthermore: The MEMBER EXPULSION-SUSPENSION OF SERVICES-NO TRESPASS would be valid if it was not a retaliatory action against Gregory-Scott: Holt as a response to the valid lien for breach or fiduciary duty by Craig Emerson, and was given within a reasonable time instead of after the closure. The only Responsibility the Agent of P1FCU had was to address and refuse the Promissory Note in writing, during the presentment period(10 Days) per the Fair Lending Act, Idaho Code 28-3-501, and UCC 3-501, Idaho Code 28-3-502 and UCC 3-502, to absolve P1FCU of any responsibility in the matter. Failure to do so, absolved P1FCU of certain defenses in the matter per Idaho Code Section 28-3-503 and Section 3-305 of the UCC. You Can not claim That GREGORY SCOTT HOLT is continuing to attempt to cause risk and harm to the credit union, when P1FCU is the CORPORATION in default. You also had a vast time frame above and beyond ten (10) to thirty (30) days to rebut any and all accepted presentments to your Corporation in regards to honoring the Promissory Note, which you failed to do, until after default, and once a lien was filed. P1FCU is not the victim of any harm or damages, and applicable Law Proves such. Misrepresentation to the contrary is also a crime.

      Chris Loseth, I am in possession of the record of events and notarized copies of each record, and record of mailing and affidavit in the named transaction. The Actions Gregory-Scott: Family of Holt has taken are Common Law Rights, under my lawful unlimited rights to contract, and right to Lien. Per all laws included in the Acceptance of Lien and the Fair lending Laws, Your agent Craig Emerson as fiduciary trustee through my member number at P1FCU (suspending my account AFTER the default does not disqualify the validity of the -Common Law court of record- based lien still owed.) Due to your correspondence instead of allowing Craig Emerson to stand for his violations of my common law right to unlimited contract, and right to lien, you have now included yourself in this claim. I did not Consent to the closing of my account, and I understand that by law you do not need my consent. However Your continued failure to provide me with the original contract I signed to open the account (I have literally never seen the contract), makes any claims to the right to close my account null and void, as I can't be held to terms I have no knowledge of without my consent. I would really prefer the account remain open, and a new notice be issued allowing for reasonable notice of closure per Credit union laws. I do not plan on conducting business through the account for the time being though, so that this whole process is easier on accounting. I would also like not to add retaliation, and hiding evidence to the lien or having to open up a new lien to add these charges. Based on your action to close the account without notice, just cause, or in good faith.

Lastly, this is not a request. I as the Living Natural Man Secured Party, True Creditor and primary Beneficiary to the GREGORY SCOTT HOLT Social Security Cestui que Trust and the <u>Grantor</u> (With full power of attorney, filed with the IRS) of the GSH Revocable Living Trust, DEMAND You provide me with a complete ON AND OFF ledger account of both above Trusts Identified under the ledger number #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 as the GREGORY SCOTT HOLT Social Security Cestui que Trust and number #99-6710304 of the GSH Revocable Living Trust, to show the on and off ledger transactions therein so I may verify the validity of the balances.

Best Lawful Regards, Respectfully

Without Recourse

UCC 1-308 Without Prejudice
gregory-scott: Of the Holt family
Secured Party, True Creditor, and beneficiary
to the GREGORY SCOTT HOLT Social Security
Cestui que Trust

# Exhibit I

SAMUEL T. CREASON*
PAUL B. BURRIS*
RUVIM V. KUZNETSOV*

**CREASON BURRIS KUZNETSOV**
*LAWYERS*
1219 IDAHO STREET
P.O. DRAWER 835
LEWISTON, IDAHO 83501
www.cbk-law.com

(208) 743-1516
FAX (208) 746-2231

THEODORE O. CREASON
(1948-2015)

CHRISTOPHER J. MOORE
(Retired)

DAVID E. DOKKEN
(Retired)

TOD D. GEIDL
(Retired)

Email: info@cbk-law.com

*ADMITTED IN IDAHO AND WASHINGTON

July 16, 2025

*U.S. First Class Mail & Personally Served*
*Also sent via Email: Gsholt0719@gmail.com*

Gregory Scott Holt
241 E Ridge Rd
St Maries, ID 83861-2009

Re: UCC1 Financing Statement # 20251272796 (State of Idaho)

Mr. Holt:

My office represents Potlatch No. 1 Financial Credit Union (P1FCU) regarding the above-referenced financing statement you caused to be filed for public record with the Idaho Secretary of State Office on July 8, 2025. P1FCU never authorized you to file any record with the State of Idaho. The financing statement # 20251272796 that you caused to be filed is a wrongful and false filing under Idaho law.

P1FCU hereby demands that you <u>immediately</u> deliver to my office a properly executed termination statement for your financing statement or file the executed termination statement with the Idaho Secretary of State UCC filing office. The address for my office is stated in the letterhead of this letter.

Your wrongful actions have caused P1FCU to incur attorneys' fees and costs. Please be advised that P1FCU will be taking legal action against you and will seek the maximum penalties and recovery available under Idaho law. Your immediate cooperation with P1FCU's demand may help reduce the amount of attorneys' fees and legal costs that will be sought against you.

Your immediate action is required.

Very truly yours,

CREASON BURRIS KUZNETSOV, PLLC

Ruvim V. Kuznetsov

cc: P1FCU

gregory-scott: family of Holt
c/o 241 East Ridge Road
Saint Maries, Idaho outside of but near [83861]

Date: July 17, 2025

Certified mail #_____

<u>LEGAL REPRESENTATIVE OF P1FCU</u>
CREASON BURRIS KUZNETSOV, PLLC
1219 IDAHO STREET P.O. DRAWER 835
Lewiston, Idaho 83501

<u>With witness thereof and order to show good and Honorable intent to the following:</u>
Raúl Labrador
Idaho Attorney General
700 W. Jefferson Street, Suite 210,
P.O. Box 83720,
Boise, Idaho 83720-0010

Pam Bondi
U.S. Attorney General
U.S. Department of Justice:
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001

RE: UCC1 Financing Statement # 20251272796 (State of Idaho)

To all whom these presents shall come, specifically P1FCU and it's Agents, Craig Emerson, and Chris Loseth as
well as CREASON BURRIS KUZNETSOV, PLLC and it's agents:  NOTICE OF ACCEPTANCE AND CLAIM
OF LIEN, a copy of Retaliatory Suspension from P1FCU, and the Financing statement response from
CREASON BURRIS KUZNETSOV, PLLC included for your convenience.

You are hereby noticed-
As you know or should know, The following information:
Maxims of Law-
  • 3. In commerce Truth is Sovereign
  • 5. An Unrebutted Affidavit Stands as Truth in Commerce
  • 6. An Unrebutted Affidavit becomes the Judgment in Commerce
  • 8. He who leaves the battlefield first loses by default
  • 10. A lien or Claim can be satisfied only by rebuttal by affidavit, point by point, resolution by jury, or
    payment
Per the maxims of law, and the Unrebutted 'Notice of acceptance and demand for payment' accepted on June
25,2025, and on record in the 'Legal Notice of acceptance of Lien' Craig Emerson of P1FCU was already
standing in default as of June 22, 2025.

Furthermore: The MEMBER EXPULSION-SUSPENSION OF SERVICES-NO TRESPASS would be valid if it was not a retaliatory action against Gregory-Scott: Holt as a response to the valid lien for breach or fiduciary duty by Craig Emerson (evidenced by the clear record of events on the provided 'ACCEPTANCE OF LIEN', and was given within a reasonable time, with just cause, and in good faith. The only Responsibility the Agent of P1FCU had was to address and refuse the Promissory Note in writing, during the presentment period(10 Days) per the Fair Lending Act, Idaho Code 28-3-501, and UCC 3-501, Idaho Code 28-3-502 and UCC 3-502, to absolve P1FCU of any responsibility in the matter. Failure to do so, absolved P1FCU of certain defenses in the matter per Idaho Code Section 28-3-503 and Section 3-305 of the UCC. P1FCU Can not claim That GREGORY SCOTT HOLT is continuing to attempt to cause risk and harm to the credit union, when P1FCU is the CORPORATION in default. Craig Emerson Agent for P1FCU also had a vast time frame above and beyond ten (10) to thirty (30) days to rebut any and all accepted presentments to it's Corporation in regards to honoring the Promissory Note, which he failed to do, until after default was established, and once a lien was filed. P1FCU is not the victim of any harm or damages, and applicable Law Proves such. Misrepresentation to the contrary is also a crime.

CREASON BURRIS KUZNETSOV, PLLC Office I am in possession of the record of events and notarized copies of each record, and record of mailing and affidavit in the named transaction. Per all laws included in the Acceptance of Lien and the Fair lending Laws, the agent Craig Emerson as fiduciary trustee through my member number at P1FCU (suspending my account AFTER the default does not disqualify the validity of the -court of record- based lien still owed.) This is a common Law action through my unlimited right to contract, and my right to lien.

Furthermore, I Gregory-Scott As the flesh and blood natural man, Secured Party, Creditor, and primary beneficiary to the GREGORY SCOTT HOLT Social Security Cestui que Trust (or Mr Holt as you addressed it) DID NOT HIRE YOU, I have no contract with you, and will continue to have no contract with you. The transaction you are referring to has already been defaulted on record, and the lien is valid. Your attempt at an intimidating and coercive offer to Extort funds from me is not accepted, and you're hereby noticed to respectfully Cease and Desist. The Contract in place is between Craig Emerson as agent for POTLATCH NO.1 FINANCIAL CREDIT UNION as the Fiduciary Trustee, and GREGORY SCOTT HOLT the Social Security Cestui que Trust. Your services and benefits are not accepted by or consented to by Gregory-Scott. I, with purpose, did not and will not transfer my lawful contract into ADMIRALTY JURISDICTION and get an assigned bond number, for the monetary benefit of the BAR association or it's members. The lawful contract does not include third party benefit, nor will I consent to such. All actions performed by Gregory-Scott are lawful and valid under common law, and I have the unlimited right to contract, I Stand on Lawful rights, and waive none. I do not consent to contract with you and your attempt to transfer jurisdiction through threat and coercion, so that you can Extort monies, goods, or services from the Trust. Further Harassment by you as a third party, in retaliation of Gregory-Scott Standing on his lawful right to contract, and his right to lien will not be tolerated.

Best lawful regards, Respectfully

Without Recourse

UCC 1-308 Without Prejudice
gregory-scott: Of the Holt family
Secured Party, True Creditor, and beneficiary
to the GREGORY SCOTT HOLT Social Security
Cestui que Trust

# Exhibit J



July 3, 2025

Salvador Cruz
Financial Institutions Bureau Chief
Idaho Department of Finance
11341 W. Chinden Blvd., Ste. A300
Boise, ID 83714

**RE: POTLATCH NO. 1 FINANCIAL CREDIT UNION COMPLAINT RESPONSE #7619**

Dear Mr. Cruz,

Thank you for the notice of Mr. Gregory Holt's complaint # 7619 (hereinafter, "*Complaint*"). Upon review of the Complaint and Mr. Holt's file, Potlatch No. 1 Financial Credit Union (P1FCU) denies any wrongdoing and is forced to conclude that Mr. Holt's Complaint is frivolous and should be summarily dismissed. It is P1FCU's concern that permitting this case to proceed in the Department's administrative system will give credence to persons involved with the sovereign citizen movement[1] to file similar, outrageous claims. Mr. Holt's Complaint should be dismissed because it has no merit in law.

Based on the incomprehensible claims and documents attached to the Complaint, Mr. Holt appears to be an adherent of the "sovereign citizen" movement. To the extent that his Complaint is comprehensible, "it bears all the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to all litigants, regardless of how they portray themselves." *See, e.g., Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019); *Monroe v. Beard*, 536 F.3d 198, 203 (3d Cir. 2008); *Not All Pro See Litigants are Created Equally: Examining the Need for New Pro Se Litigant Classifications through the Lens of the Sovereign Citizen Movement*, 29 GEO. J. LEGAL ETHICS 1221 (2016); *From Paper Terrorists to Cop Killers: The Sovereign Citizen Threat*, 93 N.C. L. REV. 1106 (2015).

"The conspiracy and legal revisionist theories of 'sovereign citizens' are not established law . . . anywhere in this country's valid legal system." *Roach v. Arrisi*, No. 8:15-CV-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars"). *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting

---

[1] In recent years, my colleagues and I have seen an exponential rise in these types of frivolous claims, letters, and filings from credit union members that appear to be participants in the "sovereign citizen" movement. It is unfortunate that members are being conned by sovereign citizen "salesmen," who are, apparently, promising the members some sort of results through the use of gobbledygook forms that have no basis in law.



that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous").

Below, P1FCU provides a chronological timeline of interactions with Mr. Holt, along with attached documents,[2] that P1FCU believes will help assist the Department's review of Mr. Holt's frivolous Complaint. Please let P1FCU know if you require additional detail.

On or about May 23, 2025, P1FCU received a letter from Mr. Holt, which included an enclosed document entitled "Promissory Note." *See Exhibit A.* P1FCU has never entered into any loan agreement with Mr. Holt. Other than to open, in the regular course, a living trust share account at P1FCU for a revocable trust of which Mr. Holt represented himself to be one of the trustees, P1FCU has not entered into any agreements with Mr. Holt. *See revocable trust account card enclosed with Exhibit E.* In fact, P1FCU had never seen Mr. Holt's document entitled "Promissory Note" until May 23. P1FCU rejected the document as nothing more than junk mail.

On or about June 6, 2025, P1FCU received from Mr. Holt what appears to be an Internal Revenue Service Form 1099-A. *See Exhibit B.* P1FCU is not clear how this IRS form relates to the credit union, as the lender's name is identified as "United States Treasury." Receipt of this form only confirmed to P1FCU that Mr. Holt is likely an adherent of the sovereign citizen movement. Based on general information found online, one of the beliefs held among sovereign citizens is that an account at the United States Treasury exists in their name and was established at birth as collateral for foreign debt obligations after the United States moved away from the gold standard.

On or about June 9, 2025, Mr. Holt visited P1FCU's Saint Maries branch. He and his spouse, Karen Holt, who is also a trustee on the share account at P1FCU, were both present in branch. They demanded from a P1FCU branch employee that a new document entitled "Promissory Note" be accepted by P1FCU in exchange for $250,000.00 being credited to the Holts' trust share account. *See Exhibit C.* After the P1FCU employee informed the Holts that their document would not be accepted and no funds would be credited to their account, the Holts became agitated. They continued their demand in the branch and claimed that P1FCU was "breaking the law" and that they could "file a lien on the credit union." The Holts' conduct was aggressive and unprofessional

---

[2] The attached documents have been redacted pursuant to the Department's instructions in the letter transmitting the Complaint. The "Promissory Notes" presented by Mr. Holt, in particular, appear to designate Mr. Holt's social security number as his "trust account number." *See* Exhibit A. This number is different from the EIN that Mr. Holt provided when he opened the revocable trust share account at P1FCU. This use of his personal SSN as his "trust account number" seems to confirm Mr. Holt's adherence to the sovereign citizen beliefs, of which one is that an account at the United States Treasury exists in their name after the United States moved away from the gold standard.

(208) 746-8900
(800) 843-7128
p1fcu.org
P.O. Box 897 · Lewiston, ID 83501



and implied a refusal to leave without being credited U.S. Dollars to their trust account in exchange for their bogus document.

On June 10, 2025, Mr. Holt continued his demand that P1FCU credit his trust share account in the amounts stated on the "Promissory Notes." These communications were made through P1FCU's member portal for secure messages. *See Exhibit D*. In one of those communications, Mr. Holt requested a copy of P1FCU's bylaws and the account agreement for the trust share account.

On June 17, 2025, P1FCU sent Mr. Holt a letter with the bylaws and account agreement enclosed. *See Exhibit E (with personal identifiers redacted)*. P1FCU once again confirmed in the letter that P1FCU will not accept the various documents that Mr. Holt demanded be exchanged for U.S. Dollars. P1FCU sent the June 17 letter through USPS, certified mail. On June 26, 2025, the tracking number for that USPS certified mailing showed that Mr. Holt refused to take receipt of the letter and that it was being returned to P1FCU.

On June 25, 2025, P1FCU received another letter from Mr. Holt demanding that the original May 22 "Promissory Note" in the amount of $20,000.00 be credited by P1FCU to his trust account. *See Exhibit F*. It appears the letter was also sent to the Idaho Attorney General and the U.S. Attorney General. The letter appears to be directed at an employee of P1FCU, Craig Emerson, and, inter alia, threatens to file a lien against the employee. Along with the strange and unsubstantiated arguments within the letter, the signature page contains additional evidence of Mr. Holt's association with the sovereign citizen movement (*e.g.*, use of odd punctuation and capitalization, citation to general (non-Idaho) uniform commercial code, and use of a thumbprint).

In conclusion, Mr. Holt is creating documents in the form of a certificate of some sort and delivering them to P1FCU with the intent that his trust's share account at P1FCU be credited in U.S. Dollars in the amounts stated on the certificates. Due to the continued attempts of what appears to be an intent to defraud the credit union, P1FCU has initiated a review of expelling the Holt's trust as a member.

P1FCU is committed to ensuring compliance with applicable law and does not take lightly any accusations of wrongdoing. P1FCU's ongoing review of Mr. Holt's demands has resulted in the initial conclusion that P1FCU has not violated any legal duty or obligation that may be owed to Mr. Holt in his capacity as trustee of a trust that is currently a member of the credit union. The Complaint and attachments only provide clear evidence that Mr. Holt is a participant in the sovereign citizen movement and that he may be attempting to defraud the credit union. If the Department does not summarily dismiss the Complaint and believes further response or action is necessary from P1FCU, P1FCU would respectfully request notice of the Department's position and an opportunity to further respond.



Mr. Cruz, we appreciate the opportunity to respond to your inquiry and value the time and attention you have given to this matter. Please feel free to contact me directly if we can provide any additional information to assist in resolving this complaint.

Kindest Regards,

*Amy Allen*

Amy Allen
Legal & Regulatory Assistant Manager
Potlatch No. 1 Financial Credit Union (P1FCU)

☐ VOID    ☐ CORRECTED

| LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | OMB No. 1545-0877 | **Acquisition or Abandonment of Secured Property** |
|---|---|---|---|
| *United States Treasury* *1111 Constitution Ave NW.* *Washington D.C. 20224* | | Form **1099-A** (Rev. January 2022) For calendar year 20 _25_ | |
| | | | Copy C For Lender |
| LENDER'S TIN *52-0907065* | BORROWER'S TIN ▉▉▉▉ | 1 Date of lender's acquisition or knowledge of abandonment | 2 Balance of principal outstanding $ *87500.00* |
| BORROWER'S name *Gregory-Scott: Holt, Beneficiary* | | 3 | 4 Fair market value of property $ |
| Street address (including apt. no.) *241 E Ridge Rd* | | | For Privacy Act and Paperwork Act Notice, see the current General Instructions for Certain Information Returns. |
| City or town, state or province, country, and ZIP or foreign postal code *Saint Maries Idaho 83861* | | 5 Check if the borrower was personally liable for repayment of the debt . . . . . . . . ▶ ☐ | |
| Account number (see instructions) *GSH-1389-0002* | | 6 Description of property *Banked Security and Energy change* | |

Form **1099-A** (Rev. 1-2022)    www.irs.gov/Form1099A    Department of the Treasury - Internal Revenue Service

---

☐ VOID    ☐ CORRECTED

| LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | OMB No. 1545-0877 | **Acquisition or Abandonment of Secured Property** |
|---|---|---|---|
| | | Form **1099-A** (Rev. January 2022) For calendar year 20 | |
| | | | Copy C For Lender |
| LENDER'S TIN | BORROWER'S TIN | 1 Date of lender's acquisition or knowledge of abandonment | 2 Balance of principal outstanding $ |
| BORROWER'S name | | 3 | 4 Fair market value of property $ |
| Street address (including apt. no.) | | | For Privacy Act and Paperwork Reduction Act Notice, see the current General Instructions for Certain Information Returns. |
| City or town, state or province, country, and ZIP or foreign postal code | | 5 Check if the borrower was personally liable for repayment of the debt . . . . . . . . ▶ ☐ | |
| Account number (see instructions) | | 6 Description of property | |

Form **1099-A** (Rev. 1-2022)    www.irs.gov/Form1099A    Department of the Treasury - Internal Revenue Service

---

☐ VOID    ☐ CORRECTED

| LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | OMB No. 1545-0877 | **Acquisition or Abandonment of Secured Property** |
|---|---|---|---|
| | | Form **1099-A** (Rev. January 2022) For calendar year 20 | |
| | | | Copy C For Lender |
| LENDER'S TIN | BORROWER'S TIN | 1 Date of lender's acquisition or knowledge of abandonment | 2 Balance of principal outstanding $ |
| BORROWER'S name | | 3 | 4 Fair market value of property $ |
| Street address (including apt. no.) | | | For Privacy Act and Paperwork Reduction Act Notice, see the current General Instructions for Certain Information Returns. |
| City or town, state or province, country, and ZIP or foreign postal code | | 5 Check if the borrower was personally liable for repayment of the debt . . . . . . . . ▶ ☐ | |
| Account number (see instructions) | | 6 Description of property | |

Form **1099-A** (Rev. 1-2022)    www.irs.gov/Form1099A    Department of the Treasury - Internal Revenue Service



**IDAHO**
DEPARTMENT OF FINANCE

BRAD LITTLE
Governor

PATRICIA R. PERKINS
Director

July 25, 2025

Gregory Holt
241 E Ridge Drive
St Maries, ID 83861

RE: Complaint Against Potlatch No. 1 Financial Credit Union

Dear Mr. Holt:

This letter is in response to your complaint against Potlatch No. 1 Financial Credit Union (P1FCU), submitted to the Department of Finance (Department) on June 17, 2025. P1FCU is an Idaho state-chartered credit union subject to regulation by the Department under various sections of Idaho Code, including the Idaho Credit Union Act, and applicable federal regulations. The Department's authority to enforce applicable laws and regulate P1FCU's practices is limited to the authorization set forth in those laws.

Your complaint is regarding the undeposited financial request you mailed requesting P1FCU deposit $20,000.00 into your newly established trust account. Your desired resolution would be the credit union depositing the requested funds in the trust account. The Department forwarded your complaint to P1FCU and received the enclosed response from Amy Allen, Legal & Regulatory Assistant Manager for P1FCU.

After reviewing the information presented and Ms. Allen's response, the Department concludes P1FCU complied with all applicable regulations, and the Department considers this complaint closed. This decision does not preclude you from pursuing legal action if you choose to do so.

Thank you for bringing this matter to our attention. Please be assured the Department takes the concerns of consumers seriously and we will continue to monitor and enforce P1FCU's compliance with applicable laws. If you have any questions or additional information regarding this matter, please feel free to contact our office at (208) 332-8000.

Sincerely,

O.80

Salvador Cruz
Financial Institutions Bureau Chief

SC/hm

Enclosure
cc: P1FCU

FINANCIAL INSTITUTIONS BUREAU
Bureau Chief – Salvador Cruz
11341 W. Chinden Blvd., Ste. A300, Boise, ID 83714
Mail To: P.O. Box 83720, Boise, ID 83720-0031
Phone: (208) 332-8031 Fax: (208) 332-8099
http://finance.idaho.gov

PROTECTING THE INTEGRITY OF IDAHO FINANCIAL MARKETS SINCE 1905



June 17, 2025

GSH Revocable Living Trust
Trustee Gregory S. Holt
241 E Ridge Rd.
Saint Maries, ID 83861-2009

Dear Mr. Holt,

I am writing in response to your request dated June 10, 2025, for a copy of P1FCU's bylaws and the account agreement for your trust account. Enclosed with this letter, you will find our standard bylaws approved by and provided by the Idaho Department of Finance and the account agreement associated with your trust account.

In regard to your recent correspondence sent to P1FCU, including the letter and "Promissory Note" dated May 20, 2025, the IRS Form 1099-A received on June 6, 2025, and the "Promissory Note" submitted June 9, 2025; **P1FCU does not recognize these documents as having any monetary value or significance and P1FCU will not accept them under any circumstances.**

We are unable to honor your request to credit your account based on these documents, and any similar requests in the future shall also be declined. *All members must follow the loan application procedures established by the credit union in order to qualify for funds.*

We respectfully ask that you cease and desist from submitting any further documents of this nature, as they will not be accepted. If you are not satisfied with this decision, we would be happy to assist you with closing your account ending in 3505.

Kindest regards,

Regulatory & Legal Department
Potlatch No. 1 Financial Credit Union (P1FCU)

(208) 746-8900
(800) 843-7128
p1fcu.org
P.O. Box 897 • Lewiston, ID 83501



BRAD LITTLE
Governor

PATRICIA R. PERKINS
Director

August 20, 2025

Gregory Holt
241 E Ridge Drive
St. Maries, ID 83861

RE: Complaint Against Potlatch No. 1 Financial Credit Union

Dear Mr. Holt:

This letter is in response to your complaint against Potlatch No. 1 Financial Credit Union
(P1FCU), received by the Idaho Department of Finance (Department) on August 18, 2025.
P1FCU is an Idaho state-chartered credit union subject to regulation by the Department under
various sections of Idaho Code, including the Idaho Credit Union Act, and applicable federal
regulations.  The Department's authority to enforce applicable laws and regulate P1FCU's
practices is limited to the authorization set forth in those laws.

You submitted a complaint to our office for this same matter on June 17, 2025.  We responded to
your complaint in a letter dated July 25, 2025, concluding P1FCU complied with applicable
regulations.  Your complaint from August 18, 2025, does not present any new information.
Accordingly, the Department's position on this matter remains unchanged.  The Department's
decision does not preclude you from pursuing legal action if you choose to do so.

If you have any questions or additional information you'd like for us to consider, please contact
our office at (208) 332-8000 or FIB@finance.idaho.gov.

Sincerely,

Salvador Cruz
Financial Institutions Bureau Chief

SC/jt

cc: Potlatch No. 1 Financial Credit Union

FINANCIAL INSTITUTIONS BUREAU
Bureau Chief – Salvador Cruz
11341 W. Chinden Blvd., Ste. A300, Boise, ID 83714
Mail To:  P.O. Box 83720, Boise, ID 83720-0031
Phone: (208) 332-8031  Fax: (208) 332-8099
http://finance.idaho.gov

PROTECTING THE INTEGRITY OF IDAHO FINANCIAL MARKETS SINCE 1905

# Exhibit K

Gregory Scott Holt
c/o 241 E Ridge Rd.
Saint Maries, Idaho [83861]
August 4, 2025

Idaho Department of Finance
Director
Patricia R. Perkins
P.O. Box 83720,
Boise, Idaho 83720-0031
&
Raúl Labrador
Idaho Attorney General
700 W. Jefferson Street, Suite 210,
P.O. Box 83720,
Boise, Idaho 83720-0010
&
Pam Bondi
U.S. Attorney General
U.S. Department of Justice:
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001
&
Brandon D Woolf
Idaho State Controller
700 W State Street
Boise Idaho 83702
&
Brad Little
Governor of the State of Idaho
P.O. Box 83720
Boise Idaho 83720

**Re: Case Number 00252609 closure and accompanying Response from Amy Allen of P1FCU**

Dear Patricia Perkins,
      To all whom these presents shall come, Greetings,
            **(P1FCU response included for convenience of the additional parties)**

      **Proper remedy was not provided by the Idaho Department of Finance, so I request the included additional parties hold the Idaho Department of Fiance accountable to Law and their regulatory obligations.**
      I am obligated by Law to correspond with your office, being extremely concerned at how this case was handled in the Idaho Department of Finance investigation listed above. Let it be noted on record, that GREGORY SCOTT HOLT, has never had, or ever will have the intent to defraud P1FCU in any form. GREGORY SCOTT HOLT Simply had the intention to exercise trade and business in commerce, per Note exchange through the Federal Reserve Discount Window per 12 US Code § 412, and P1FCU was the branch of choice for said transactions.

pg.1 of 11

First I am making some clarifications on the record, for the convenience of the department, as follows:

P1FCU and it's agents Chris Loseth, Craig Emerson, and now to include Amy Allen, have committed the violations below, and with this correspondence, the Idaho Department of Finance now has all evidence to the following:

1. Default on overdue instrument x2 Per- Idaho Code 28-3-304. Overdue instrument, Idaho Code 28-3-501. Presentment, Idaho Code 28-3-503. Notice of dishonor
2. Through Amy Allen's repeated derogatory and defamatory claims committed fraudulent misrepresentation, and Libel, of the attorney-in-fact, as a Sovereign Citizen- IDAHO RULES OF PROFESSIONAL CONDUCT- RULE 8.4 MISCONDUCT,(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another, (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; Idaho Code 18-4801. Libel defined; Idaho Code 18-5413(1) 14 counts; misrepresentation.
3. Failure to provide clear and concise terms and conditions- Fraud by Omission-12 U.S. Code § 5536(2); 12 CFR § 205.4-General disclosure requirements;Idaho code 56-227(1)
4. Theft of negotiable instrument through failure to rebut, or return the note, per-Idaho Code 28-3-503 and UCC 3-503; 18 U.S. Code § 661; 12 CFR § 12.3; 18 USC 880; 18 USC 872; 18 U.S. Code § 657; 18 U.S. Code § 661; 18 USC 1348; 15 USC 1; 18 USC 1005, and 1014; 12 U.S. Code § 504; 18 USC 1956
5. 42 USC 1985 – Breach of rights under color of law, for restricting access to trade and business.

**For a total of $106,100,000.00 and 111 years in prison between P1FCU and the agents for P1FCU**

**All above points implemented, are fully explained below:**

I find it extremely concerning that Amy Allen, Legal and Regulatory Assistant Manager for Potlatch No.1 Financial Credit Union would respond to the Idaho Department of Finance in such a unorganized and unprofessional manner. Also more concerning is that the Idaho Department of Finance as the regulatory agency investigating, would accept such a response as valid.

To disseminate further we will break the response down as follows:(All Exhibit points in response highlighted for convenience purposes)
(This portion of the correspondence is the whole scope and purpose of the employment of the agents at Idaho Department of Finance, and I am appalled that I have to take my time and effort, to perform a duty that I am not being reimbursed for)

Paragraph 1. sentence 2 of the response from Amy Allen:
1. "Potlatch No.1 Fiancial Credit Union (P1FCU) Denies any Wrong doing and is forced to conclude that Mr. Holt's complaint is frivolous and Should be summarily dismissed."

First order of clarification on record:
I am not Mr. Holt. My name is Gregory Scott Holt . Mr. Holt is a legal fiction identifier for the Commercial administrative system. I am the attorney-in-fact of the GREGORY SCOTT HOLT Sole Proprietorship that exists in the STATE OF IDAHO Federal District of Columbia, because the estate

pg.2 of 11

cannot read or write. I acted only for the purpose to Exchange a Promissory Note for Federal Reserve notes through the Sole proprietorship per 12 US Code § 412 to pay the debts charged against the Sole Proprietorship using the GSH Revocable Trust account, being that it is the only local account GREGORY SCOTT HOLT had open, and active.

Second order of clarification on record:

The account that was opened at POTLATCH NO.1 FINANCIAL CREDIT UNION, made a valid and legal agreement for Agents of P1FCU to be fiduciary Trustees to any commercial action conducted through the GSH Revocable Trust account.
Furthermore- The Corporation cannot claim lack of wrongdoing, when it is well documented on record, and (P1FCU) has already been notified that they are in violation of the Fair Lending Laws, where the presentment period of a negotiable instrument is ten days time. Also being in violation of,

1. Idaho Code 28-3-304. Overdue instrument. (1) An instrument payable on demand becomes overdue at the earliest of the following times: (a) On the day after the day demand for payment is duly made; -Meaning: per the mailbox rule The instrument was overdue on May 23, 2025 after the negotiable instrument was accepted in the mail on May 22, 2025.

2. Idaho Code 28-3-501. Presentment. (1) "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.
(2) The following rules are subject to chapter 4, agreement of the parties, and clearing-house rules and the like:
(a) Presentment may be made at the place of payment of the instrument and must be made at the place of payment if the instrument is payable at a bank in the United States; may be made by any commercially reasonable means, including an oral, written or electronic communication; is effective when the demand for payment or acceptance is received by the person to whom presentment is made; and is effective if made to any one (1) of two (2) or more makers, acceptors, drawees or other payors.
(b) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.
(c) Without dishonoring the instrument, the party to whom presentment is made may (i) return the instrument for lack of a necessary indorsement, or (ii) refuse payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.
(d) The party to whom presentment is made may treat presentment as occurring on the next business day after the day of presentment if the party to whom presentment is made has established a cut-off hour not earlier than 2 pm. for the receipt and processing of instruments presented for payment or acceptance and presentment is made after the cut-off hour.

3. Idaho Code 28-3-503. Notice of dishonor. (1) The obligation of an indorser stated in section 28-3-415(1) and the obligation of a drawer stated in section 28-3-414(4) may not be enforced unless, (i) the indorser or drawer is given notice of dishonor of the instrument complying with this section, or (ii) notice of dishonor is excused under section 28-3-504(2).
(2) Notice of dishonor may be given by any person; may be given by any commercially reasonable means, including an oral, written or electronic communication; and is sufficient if it

reasonably identifies the instrument and indicates that the instrument has been dishonored or has not been paid or accepted. Return of an instrument given to a bank for collection is sufficient notice of dishonor.
(3) Subject to section 28-3-504(3) with respect to an instrument taken for collection by a collecting bank, notice of dishonor must be given (i) by the bank before midnight of the next banking day following the banking day on which the bank receives notice of dishonor of the instrument, or (ii) by any other person within thirty (30) days following the day on which the person receives notice of dishonor. With respect to any other instrument, notice of dishonor must be given within thirty (30) days following the day on which dishonor occurs.


Third order of clarification, and this applies to the final claim in the first paragraph and continues on to the second page, up to the chronological timeline.

I, in no way through any correspondence, claimed to be a sovereign Citizen. I am not a citizen of the United States, and If there is any documents to the contrary, they are to identify the GREGORY SCOTT HOLT Sole Proprietorship, not my living vessel. My living vessel cannot operate in commerce, which Amy Allen as the Legal and Regulatory Assistant Manager should fully understand and have knowledge of. Which would mean that Amy Allen is intentionally poisoning the unbiased judgment of the investigation, by willful Defamation of character, and Libel, by claiming a Title against my living vessel, that does not exist in any legal dictionary, and is a common tactic used by Magistrates, and BAR Attorneys to discredit the ability and credibility to exercise the rights of free men outside of the jurisdiction of the U.S. It is also a violation of:

1. IDAHO RULES OF PROFESSIONAL CONDUCT-
   RULE 8.4 MISCONDUCT
   It is professional misconduct for a lawyer to:
   (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
   (d) engage in conduct that is prejudicial to the administration of justice;
   (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
   (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.
2. Idaho Code 18-4801. Libel defined. A libel is a malicious defamation, expressed either by writing, printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation, or publish the natural or alleged defects, of one who is alive, and thereby to expose him to public hatred, contempt or ridicule. $5,000.00 and six months in prison

Counting the original claim labeling Gregory-Scott as a sovereign citizen, and the subsequent case laws included, would be thirteen (13) counts each, violating the above Rule and code in order to bias the investigation, and the interest of justice. Which is the full intention as to why it was claimed at the beginning of the document.

## TIMELINE IN CHRONOLOGICAL ORDER

Now Let us clarify the Record, and the discrepancies and hearsay therein.

1. On May 23, 2025 Craig Emerson of P1FCU Received a $20,000 Promissory Note, signed and notarized, as a Negotiable Instrument, and Security, and a letter of intent on how the Note was to be Processed, by Certified Mail. Which by law, (similar to receiving a bill in the mail) is an offer to contract. Said offer to contract was accepted when the Parcel was accepted, and was required to be rebutted in writing, Per Idaho Code 45-1603(2),(3) and returned within the presentment period, (in the letter of intent I specified 7 days for rebuttal). P1FCU and It's agents agreed to be fiduciary Trustees of the GREGORY SCOTT HOLT Sole Proprietorship when the contract was signed. Yes Mr. Holt, AKA, GREGORY SCOTT HOLT is the Trustee of the GSH Revocable Trust account, He is also the Grantor, and thus retains all ownership of the Assets, monies, and property under the Trusts EIN and the sole proprietorship's SSN, because the fictitious entity GREGORY SCOTT HOLT, s.p. can operate in commerce, and enter into contract, and P1FCU cannot contract with Gregory Scott Holt.

(Gregory Scott Holt has never represented himself as trustee, and claiming such misrepresentation under Idaho Code 18-5413 (1) A person is guilty of a misdemeanor if he knowingly gives or causes to be given false information to any law enforcement officer, any state or local government agency or personnel, or to any person licensed in this state to practice social work, psychology or counseling, concerning the commission of an offense, knowing that the offense did not occur or knowing that he has no information relating to the offense or danger) $1000 and six month in prison.

Furthermore, When Signing the Contract for the share account, I was not allowed by Laci Hansen to view the contract that I was signing on the in-branch digital pad, on March 19, 2025. I also requested a copy of said contract, the by-laws, and the banking terms and conditions weekly at the Saint Maries branch of P1FCU, to which I was told, "I will try to get that for you, and none of them were ever provided. This investigation is in-fact the first time I have ever seen any of them, 'Banking terms and conditions' I was forced to find online being the exception.

(Just for my own understanding, I would request a statement that is cognitive and competent without derogatory or discriminatory statements, from Amy Allen, Craig Emerson, or Chris Loseth, as to when anyone has logically paid the fees to send "junk Mail" Through certified mail. Also, if the Promissory Note was rejected as "junk mail" why still posses a copy of it to prove that P1FCU has continually retained possession of property or assets that do not belong to them?)

Craig Emerson failed to rebut the Letter of intent and included Promissory Note/ Negotiable instrument for over 30 days, which precludes P1FCU from asserting certain defenses, including lack of consideration, duress, fraud, illegality, and/or discharge of the note-per **Idaho Code 28-3-503 and UCC 3-503.** Craig Emerson also failed to return the Note as dishonored, which is also a violation of **18 U.S. Code § 661-Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows: If the property taken is of a value exceeding $1,000, or is taken from the person of another, by a fine under this title, or imprisonment for not more than five years, or both; in all other cases, by a fine under this title or by imprisonment not more than one year, or both. If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, shall be the value of the property stolen.**

12 CFR § 12.3 – Record keeping. § 12.3 Record keeping. (a) General rule. A national bank effecting securities transactions for customers shall maintain the following records for at least three years: (1) Chronological records. An itemized daily record of each purchase and sale of securities maintained in chronological order, and including: (i) Account or customer name for which each transaction was effected; (ii) Description of the securities; (iii) Unit and aggregate purchase or sale price; (iv) Trade date; and (v) Name or other designation of the broker/dealer or other person from whom the securities were purchased or to whom the securities were sold; (2) Account records. Account records for each customer, reflecting:
(i) Purchases and sales of securities; (ii) Receipts and deliveries of securities; (iii) Receipts and disbursements of cash; and (iv) Other debits and credits pertaining to transactions in securities; (3) Memorandum order. A separate memorandum (order ticket) of each order to purchase or sell securities (whether executed or canceled), including: (i) Account or customer name for which the transaction was effected; (ii) Type of order (market order, limit order, or subject to special instructions); (iii) Time the trader or other bank employee responsible for effecting the transaction received the order; (iv) Time the trader placed the order with the broker/dealer, or if there was no broker/dealer, time the order was executed or canceled; (v) Price at which the order was executed; and (vi) Name of the broker/dealer utilized; (4) Record of broker/dealers. A record of all broker/dealers selected by the bank to effect securities transactions and the amount of commissions paid or allocated to each broker during the calendar year; and

2. On June 6, 2025 P1FCU received from Mr. Holt (GREGORY SCOTT HOLT Estate) a 1099-A tax form (Exhibit B) If you look closely at exhibit B you will see that this exhibit only contains copy C which only serves as a payment receipt. Whereas 'copy A' Which is a scannable document and was filled out the same way, excepting the fact that the scannable copy A contained a special indorsement to be exchanged at the Treasury address listed on the copy drawn on the GREGORY SCOTT HOLT s.p.. This was to be used to cover any transaction fee that the bank might feel entitled to, in processing the special indorsed Note/ Security with a face value of $250,000 that was conveniently not included with exhibit B, as evidence by the Promissory Note Number: **GSH- 1989- 0002 in the account section of the 1099-A.** This was only sent to CEO Chris Loseth in an attempt to have it honored or not, and if not, have it responded to, the same as with Craig Emerson and the first promissory Note, because I had yet to hear a response from Craig Emerson.

Furthermore, GREGORY SCOTT HOLT s.p. would like to thank Amy Allen and Chris Loseth for admitting on Record, that the parcel was received. Such admittance, enhances the case in the following ways:

18 USC 880 – receiving money from successful extortion - $50,000 – if knowing then up to 3 years in prison, if unknowing then up to 1 year in prison

18 USC 872 – US citizen (officer/employee), under color of employment, extorts - $50,000 – not more than 3 years in prison if more than $1,000

18 U.S. Code § 657 - Lending, credit and insurance institutions - embezzles, abstracts, purloins or willfully misapplies any moneys, funds, credits, securities or other things of value belonging to such institution, or pledged or otherwise intrusted to its care - $1,000,000 - not more than 30 years in prison. Two counts per Craig Emersons actions as well.

18 U.S. Code § 661 – Within special maritime and territorial jurisdiction - stealing money or instruments - (value of instruments is the fine) - not more than 5 years in prison

18 USC 1348 – fraudulently getting money from transfer of an instrument or security (ALL MORTGAGES, LOANS, CREDIT CARDS, ETC ALL FIT THIS FELONY) - $250,000 – up to 25 years in prison

15 USC 1 – "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court." Two counts- per Craig Emerson's previous actions

12 USC 503 - "If the directors or officers of any member bank shall knowingly violate or permit any of the agents, officers, or directors of any member bank to violate any of the provisions of sections 375, 375a, 375b, and 376 of this title or regulations of the board made under authority thereof, or any of the provisions of sections 217, 218, 219, 220,[1] 655, 1005, 1014, 1906, or 1909 of title 18, every director and officer participating in or assenting to such violation shall be held liable in his personal and individual capacity for all damages which the member bank, its shareholders, or any other persons shall have sustained in consequence of such violation."(Applicable codes Highlighted)

12 U.S. Code § 504 Any member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who, violates any provision of section 371c, 371c–1, 375, 375a, 375b, 376, or 503 of this title, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues. ($5,000 x 73 days= $365,000 For Promissory Note Number: GSH- 1989- 0001; $5,000 x 59 days= $295,000 For Promissory Note Number: GSH- 1989- 0002; for a total of:$660,000)

pg.7 of 11

**18 USC 1956 – laundering instruments while involved in unlawful activity, especially when those instruments promote the unlawful further laundering of instruments - $500,000 or twice the value of the instrument or property involved, whichever is greater – up to 20 years in prison**
12 CFR § 12.3 – Record keeping. § 12.3 Record keeping. (a) General rule. A national bank effecting securities transactions for customers shall maintain the following records for at least three years: (1) Chronological records. An itemized daily record of each purchase and sale of securities maintained in chronological order, and including: (i) Account or customer name for which each transaction was effected; (ii) Description of the securities; (iii) Unit and aggregate purchase or sale price; (iv) Trade date; and (v) Name or other designation of the broker/dealer or other person from whom the securities were purchased or to whom the securities were sold; (2) Account records. Account records for each customer, reflecting:
(i) Purchases and sales of securities; (ii) Receipts and deliveries of securities; (iii) Receipts and disbursements of cash; and (iv) Other debits and credits pertaining to transactions in securities; (3) Memorandum order. A separate memorandum (order ticket) of each order to purchase or sell securities (whether executed or canceled), including: (i) Account or customer name for which the transaction was effected; (ii) Type of order (market order, limit order, or subject to special instructions); (iii) Time the trader or other bank employee responsible for effecting the transaction received the order; (iv) Time the trader placed the order with the broker/dealer, or if there was no broker/dealer, time the order was executed or canceled; (v) Price at which the order was executed; and (vi) Name of the broker/dealer utilized; (4) Record of broker/dealers. A record of all broker/dealers selected by the bank to effect securities transactions and the amount of commissions paid or allocated to each broker during the calendar year;
also added to this section are, Breach of Contract, Unfair or deceptive trade practices, as well as TILA violations.)
I don't believe I need to fully re-address the continued attempt at defamatory word salad for this section, after addressing it from the previous section. However, **let it be noted here, that another count of defamation and libel is present here, for a total of Fourteen (14) counts.**


3. Gregory Scott visited P1FCU's Saint Maries, Idaho branch not with the trustee to the GSH Revocable Living Trust bur with the agent for/ attorney-in-fact of the trustee. Both were present yes, However Neither one demanded anything. There is an extremely broad line between a request and a demand. Amy Allen has conveniently left out the fact that, Gregory Scott Asked through back office chat (a detail that was conveniently left out of Exhibit D) if P1FCU Accepted Promissory Notes. To which an agent at P1FCU through the member portal asked if Gregory could present a copy of the Promissory Note, so that a manager could review it. So Gregory Scott drew up a new Promissory Note to be presented in branch, in order to fulfill the request. Gregory Scott WAS NOT demanding or belligerent. Aubrey Asbury respected a request that a black and white copy be presented to the legal team, so that the color identifiers could not be replicated for the purpose of embezzling funds through a forgery, (I learned to request this due to the GSH- 1989- 0001, and GSH- 1989- 0002 promissory Notes currently still in default) however Gregory Scott DID NOT grant consent for the copying of the reverse side of the Promissory Note that contained the special indorsement section and terms.
Aubrey Asbury was extremely helpful and willing to be of service at the time of presentment, that however, changed rather quickly. Aubrey Asbury notified Gregory, and the fellow agent/ attorney-in-fact that the legal team at P1FCU would not accept the Promissory Note, which was

pg.8 of 11

acceptable with conditions as noted in UCC title 3. Gregory Scott then requested information as to why the Promissory Note was denied, so that a future drawn Instrument would possibly be accepted by P1FCU. To which Aubrey Asbury, claimed she didn't know, and refused to ask the legal team that she was in contact with, even after Gregory Scott requested that of her. Gregory Scott then requested the information of who denied the Note so that he could get in contact with them and request a solution as to how to correct the Note for future transactions. She refused to provide said information, then Gregory Scott asked for a print out of the email so that he had the denial in writing. To which Aubrey Asbury, stated, " I'm not capable of printing off emails from our computers."

At this point Gregory was irritated because the manager Aubrey Asbury, who was, a few minutes prior, extremely helpful, feigned ignorance as to how to communicate with members in the course of trade and commerce. So the GSH Revocable Trustee notified Aubrey Asbury, that blocking the trust's ability to act through trade and commerce was illegal, (refusing to provide some kind of solution for notes to be deposited, falls under blocking trade and commerce) and if it continued, we had a right to lien. Aubrey Asbury re-iterated her statement that the legal team would not accept the Promissory Note, even though the GSH Revocable Trustee provided Aubrey with P1FCU's Terms and conditions from online, stating that they accepted Promissory Notes. Gregory-Scott explained to the fellow agent/attorney-in-fact, "Let's not waste any more of the bank's or our time, if we need to lien we will." Then Gregory Scott and the fellow agent/attorney-in-fact thanked Aubrey Asbury for her time, and left the branch. At no point were they demanding, belligerent, or unprofessional if anything was unprofessional, it was the change from member service oriented, to downright unhelpful and owl-eyed refusal we got from Aubrey Asbury, when we requested clear and concise information so we could operate properly. we were simply making it known that we know the laws of negotiable instruments, notes, and bills of exchange, and are fully aware of the fact that an indorsed negotiable instrument of any kind, whether it be a Promissory Note, or bill of exchange, is identical in financial value to a FEDERAL RESERVE NOTE, as presented to the Federal Reserve Discount Window, of which access P1FCU has, otherwise they would not be FDIC backed per 12 US Code § 412. Exhibit D is simply Gregory Scott's responses to both situations, continuing to express what he knows as fact, after four (4) Months of not being able to bank through an account that took two months just to open, under terms He wasn't aware of. He is not aware of anyone that wouldn't be frustrated and wanting answers in the same situation.

4.  On June 22, 2025 Gregory Scott arrived at the post office, to send out a LEGAL NOTICE OF ACCEPTANCE AND DEMAND FOR PAYMENT to Craig Emerson for his failure to deny the Promissory Note after it was signed for as accepted through certified mail. At which time Craig Emerson was in default of the Promissory Note for failing to deposit the value of the Note within the presentment period, after acceptance. While at the post office Gregory Scott was notified that a certified mail envelope was waiting for his signature. Gregory Scott saw the sender as P1FCU, and denied the envelope due to the fact that after multiple requests for the P1FCU bylaws and the contract with P1FCU be provided, said request was not honored up to that point. Gregory Scott Denied the envelope, purely on the understanding that P1FCU had sent all correspondence through regular mail previously, and he did not want to be a party to Spoilation of evidence, if the Promissory Note that was defaulted on, was present in the envelope now that an investigation was filed with the Idaho Department of Finance. Therefore, Amy Allen's response is the first time Gregory-Scott has seen either document.

To note- The Notice that Amy Allen has included in her response, does contain the Idaho Attorney General, and the U.S. Attorney General, all correspondence was sent to both, and as you can see, they are included as witness to show Gregory Scott's good and honorable intent. Common Law Contract must have two witnesses to the validity of a contract or document, and thus creates a lawful court of record. Said court of record, must be rebutted by affidavit point by point, otherwise it stands as truth and judgment in commerce per the ten Maxims of Law. No
- single notice or demand or single point in any correspondence was rebutted. The only correspondence otherwise was the retaliatory suspension and trespass of the GSH Revocable Trust account, (which Gregory Scott was not notified of until after the account suspension) and a Threatening and coercive letter from a P1FCU Attorney to terminate the lien. Both of which Idaho Department of Finance is already in possession of.

The closing explanation here once again contains derogatory and defamatory statements, based on Amy Allen's lack of understanding about the Laws regarding indorsements, and removal of liability and refusal of being identified as a Fictitious entity or Ens Legis, as Amy Allen as the Legal & Regulatory Assistant Manager of Potlatch No.1 Financial Credit union, has done multiple times throughout her response to bias and poison the professionality, and interest of justice in this investigation.

Once again, let it be noted here, that GREGORY SCOTT HOLT, has never had, or ever will have the intent to defraud P1FCU in any form. GREGORY SCOTT HOLT Simply had the intention to exercise trade and business in commerce, and P1FCU was the branch of choice for said transactions.

Gregory Scott would like to politely remind the Idaho Department of finance that the 10th amendment was never incorporated, per the incorporation doctrine, and that all State AND Federal codes in regards to financial institutions, and financial instruments Apply in Idaho as a Federal District of the U.S. and all codes and rules being used here and used throughout any correspondence are completely valid. I am also Obligated to let you know that 42 USC 1985 - Breach of rights under color of law - $50,000 - up to 1 year in prison, Is applicable to one or more of the Agent's of P1FCU.

Now that the Idaho Department of Finance is aware of the felonies committed, the agents who are handling this case, as well as Salvador Cruz, and Patricia R. Perkins, if this investigation is not re-examined, the above named agents are subject to the following if I am forced to bring the handling of this complaint to a higher authority- 42 USC 1986 - anyone who could have stopped a 42 USC 1985 situation and didn't can be dragged in under the same charges.

It is Gregory Scott's position as Attorney-in-fact for GREGORY SCOTT HOLT-due to the fact that GREGORY SCOTT HOLT cannot read or write, that the Idaho Department of Finance Re-consider their decision, and do a more in depth investigation into this complaint. Gregory Scott also requests that Amy Allen be subject to the fullest extent of the law and have her barred from the ability to serve in a financial institution permanently, due to her repeated Defamation, Libel, Misrepresentation, False Statements, to impede a state authority in the course of an investigation, 18 USC 1025 - lying, fraud, etc regarding any instrument, promissory note, etc. throughout her unethical response.

Gregory Scott hopes to hear From the Idaho Department of Finance, about the results of a TRUE, PROPER, and COMPETENT investigation into this complaint soon.
Thank you for your time and attention to this matter,

pg.10 of 11

Respectfully, and lawfully

Without Recourse

GREGORY SCOTT HOLT
UCC 1-308, without prejudice
By: /s/ Gregory Scott Holt
     -------------
Gregory Scott Holt, attorney-in-fact