UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY SCOTT HOLT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>POTLATCH NO. 1 FINANCIAL CREDIT UNION (P1FCU),<br><br>　　　　　　Defendant. | Case No. 2:25-cv-00519-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Gregory Scott Holt's Motion for Reconsideration (Dkt. 25), Motion for Protective Order (Dkt. 29), Motion to Quash (Dkt. 31), and Request for Exemption of PACER Fees (Dkt. 33). Additionally, the Court considers Defendant Potlatch No. 1 Financial Credit Union's ("P1FCU") Motion for Attorney's Fees (Dkt. 24). For the reasons explained below, the Court DENIES Holt's motions and DENIES P1FCU's motion.

## II. BACKGROUND

The controversy underlying this case was dismissed for lack of subject matter jurisdiction in December 2025. Dkt. 23, at 7. The factual basis that gave rise to this suit also led to the indictment of Holt for forgery in Nez Perce County, Idaho. Dkt. 29-1, at 10. Throughout the proceedings in this case, Holt's claims and the arguments supporting them have been frivolous. Upon the dismissal of the case, P1FCU filed its Motion for Attorney's Fees, citing that through diversity jurisdiction the Court should apply Idaho attorney's fee

MEMORANDUM DECISION AND ORDER - 1

statutes which provide for attorney's fees in frivolous cases. Dkt. 24.

Since the dismissal of this case, Holt has filed a Motion for Reconsideration of the dismissal, an Emergency Motion for Protective Order and to Report Obstruction of Justice, a Motion to Quash, and a Request for Exemption of Pacer Fees.

### III. LEGAL STANDARDS

#### A. Motion for Reconsideration

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. Nevertheless, the Ninth Circuit instructs courts to treat motions to reconsider as motions to alter or amend under Federal Rule of Civil Procedure 59(e). *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application). In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama*

MEMORANDUM DECISION AND ORDER - 2

*Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## B. Motion for Protective Order

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). []. The motion must include a certification that the movant has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.*

## C. Motion to Quash

Granting or denying a motion to quash is generally a matter for the Court's discretion. *SBP LLLP v. Hoffman Constr. Co. of Am.*, 2021 WL 3131310, at *2 (D. Idaho July 23, 2021) (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)).

## D. Motion for Attorney's Fees

A party may move for attorney's fees so long as they have a valid jurisdictional basis for doing so. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007).

## IV. DISCUSSION

### A. Motion for Reconsideration (Dkt. 25)

Holt argues that new facts and points of law have come to light that warrant the Court to reconsider its order dismissing this case. *See generally* Dkt. 25, at 4.

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments

MEMORANDUM DECISION AND ORDER - 3

or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation modified).

Holt's Motion for Reconsideration merely seeks to relitigate the Court's decisions already entered in this case. For the most part, Holt's supposed new information and points of law were available previously and he should have presented them prior to the dismissal of this case.

Holt cites arguably new information that was unavailable before this case was dismissed regarding his state criminal proceedings. However, Holt does not explain how this new information bears on this case at all. Legally, the information about Holt's state criminal proceedings is completely irrelevant here. Therefore, Holt's Motion for Reconsideration is DENIED.

## B. Motion for Protective Order (Dkt. 29)

Holt argues that he needs the protection of the Court to prevent information about his unrelated criminal proceedings from influencing these proceedings.

Rule 26 governs motions for protective orders. These orders are to protect litigants in a *pending action* from discovery which may cause annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). Additionally, the movant must certify that they met and conferred with the other party prior to filing for a protective order. *Id.*

Holt's motion asks for protection from P1FCU's counsel, because, allegedly P1FCU's counsel is responsible for Holt's wrongfully-brought state criminal proceedings. First, as mentioned above, the information regarding Holt's criminal case is completely

**MEMORANDUM DECISION AND ORDER - 4**

irrelevant to this case. Second, the accusation is frivolous, as there is no evidence that some conspiracy exists between P1FCU's counsel and Nez Perce County prosecutors. Third, Holt's motion has nothing to do with discovery. Fourth, this action is no longer a "pending action;" the case is closed. Lastly, Holt's motion does not have a meet and confer certification as required by Rule 26. Therefore, Holt's Motion for Protective Order and to Report Obstruction of Justice is DENIED.

### C. Motion to Quash  (Dkt. 31)

The Court has discretion on whether to grant a motion to quash. Holt's Motion to Quash argues P1FCU's reply to his Motion for Protective Order and to Report Obstruction of Justice should be quashed for various reasons. However, the Court's decision on Holt's Motion for Protective Order would not change even if P1FCU had not filed a response at all. Because Holt's Motion for Protective Order has been denied, this Motion to Quash is DENIED as MOOT.

### D. Request for Exemption of PACER Fees (Dkt. 33)

Holt has requested that the Court waive his PACER fess so he can obtain pleadings in this case for free, citing his "financial circumstances." Dkt. 33. Part of Holt's worry is that he will not be able to monitor the case to prevent a judgment against him. However, Holt will receive service of any future pleadings like normal, and there is no possibility of some default against him in this case. The Court will also ensure all parties have an opportunity to respond and receive notice of any Court action. The request is DENIED.

### E. Motion for Attorney's Fees (Dkt. 24)

P1FCU moves for attorney's fees on the basis that, under diversity jurisdiction and

**MEMORANDUM DECISION AND ORDER - 5**

pursuant to Federal Rule of Civil Procedure 54, Idaho state law applies, and the Court should grant fees pursuant to Idaho Code §§ 12-120 and 12-121. Dkt. 24.

Generally, "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Skaff*, 506 F.3d at 837; *see also Latch v. United States,* 842 F.2d 1031, 1033 (9th Cir.1988) ("As a general rule, if a district court has wrongfully exercised subject matter jurisdiction over a dispute, the appellate court must vacate the district court's decision, including any award of attorney's fees."); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir.1992) (noting that "if the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees'") (citing *Latch*). The only Federal Rule of Civil Procedure that provides an independent jurisdictional basis for awarding fees is when the fees are awarded as a sanction under Rule 11. *See Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128 (9th Cir. 1997).

This case was dismissed because the Court lacked any subject matter jurisdiction either through federal question or diversity. *See* Dkt. 23. P1FCU alleges their jurisdictional basis and choice of law in support of its fee request stems from the Court having jurisdiction through diversity, meaning Idaho state law applies. But the Court has already determined that there is no jurisdiction whatsoever in this case, diversity or otherwise, and without some independent basis for jurisdiction—like a motion under Rule 11—the Court cannot grant a motion for attorney's fees. Therefore, P1FCU's Motion for Attorney's Fees is DENIED because the Court lacks the jurisdictional authority to grant such relief.

### V. CONCLUSION

The Court cannot grant attorney's fees to P1FCU because P1FCU did not provide

MEMORANDUM DECISION AND ORDER - 6

a valid jurisdictional basis for doing so. Holt presented no new facts or points of law which warrant reconsideration of the Court's decision to dismiss the case. In like manner, no new facts have come to light which warrant a protective order in this case. And because of these conclusions, Holt's Motion to Quash and Request for Exemption for PACER Fees are moot.

## VI. ORDER

1. P1FCU's Motion for Attorney's Fees (Dkt. 24) is DENIED.

2. Holt's Motion for Reconsideration (Dkt. 25) is DENIED.

3. Holt's Motion for Protective Order and to Report Obstruction of Justice (Dkt. 29) is DENIED.

4. Holt's Motion to Quash (Dkt. 31) is DENIED as MOOT.

5. Holt's Request for Exemption from PACER Fees (Dkt. 33) is DENIED.

DATED: March 24, 2026

David C. Nye
U.S. District Court Judge